483 So.2d 89 (1986)
James J. DOYLE, Appellant,
v.
STATE of Florida, Appellee.
No. 85-334.
District Court of Appeal of Florida, Fourth District.
February 12, 1986.
Richard L. Jorandby, Public Defender and Jeffrey Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for appellee.
FEDER, RICHARD YALE, Associate Judge.
Defendant was charged with murder in the first degree of Bill Alderdice and attempted murder in the first degree of his brother Jim Alderdice. He was convicted of murder in the third degree of Bill and of aggravated assault of brother Jim. Error is alleged in the instruction to the jury on the elements of Murder, Third Degree. The charge, as given, was:
Before you can find the defendant guilty of murder in the third degree the State *90 must prove the following three elements beyond a reasonable doubt: one, again, William Alderdice is dead; two, the death occurred as a consequence of and while James Joseph Doyle was escaping from the commission of an aggravated assault; and, three, James Joseph Doyle was the person who actually killed William Alderdice. (emphasis supplied).
The difference between the above charge and the Standard Jury Instruction is the substitution of the italicized word "commission" above for the phrase "immediate scene."
The Defendant alleges that the jury could have convicted him of murder in the third degree believing he was escaping from the commission of an aggravated assault by the victim upon the defendant. Since that was the exact scenario testified to by the defendant, and which was his defense to the charge of murder in the first degree, the harm becomes immediately apparent.
The jury returned with a request for "clarification of some wording in murder, third degree. The jury is not certain where it says something about the word `commission'." At that time the defense attorney requested the Court to explain that the escape had to be from an aggravated assault committed by the defendant, and not on the defendant. Although no such explanation was given, it must be admitted in all candor that the Standard Jury Instruction does not give much assistance to the trial court and even if "immediate scene" were inserted for "commission," as applied to the facts of this case, would not have helped. The instruction is an attempted restatement of section 782.04(4), Florida Statutes (1983). When in doubt, a return to the source seems appropriate. Thus,
(4) The unlawful killing of a human being when perpetrated without any design to effect death, by a person engaged in the perpetration of, or in the attempt to perpetrate, any felony other than any: (the list of felonies is omitted as inapplicable) is murder in the third degree... .
The operative phrase is obviously "by a person engaged in the perpetration of."
By finding the defendant NOT guilty of murder in the first or second degree, a reasonable hypothesis can be made that the jury accepted the defendant's defense of being assaulted by the victim. (The aggravated assault conviction for the attack on Jim Alderdice cannot be involved as that occurred after the murder was a fact). The instruction was, or certainly could have been, misleading to the jury by suggesting that if they believed the defendant's version of self-defense, they would have to find the defendant guilty of murder in the third degree. The giving of a misleading instruction constitutes both fundamental and reversible error. Carter v. State, 469 So.2d 194 (Fla. 2d DCA 1985); Christian v. State, 272 So.2d 852 (Fla. 4th DCA 1973).
Since that matter must be remanded for a retrial, the Court wishes to advise the State that questions concerning the Defendant's use of Lithium or whether Lithium is the medically-indicated drug for manic-depression are legally contraindicated.
The conviction for murder in the third degree is REVERSED and REMANDED.
DELL and GLICKSTEIN, JJ., concur.