591 So.2d 259 (1991)
Isaac THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2513.
District Court of Appeal of Florida, Fourth District.
October 9, 1991.
*260 Richard L. Jorandby, Public Defender, and Susan D. Cline, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was charged with, and convicted of, burglary of a conveyance with intent to commit theft therein.
He raises four points on appeal, one of which requires reversal.
At the charge conference, appellant requested an instruction on petit theft as a lesser-included offense of the burglary charge. The trial court gave the requested instruction. After the jury retired and had been deliberating for approximately 2 hours, the trial court determined it was error to instruct the jury on petit theft as a lesser-included offense of the crime. Appellant requested that a trespass instruction be substituted as a lesser-included offense but that was denied on the ground that the jury had already retired and therefore opposing counsel had no opportunity to argue the law and facts as they applied to trespass. The jury was recalled and told to disregard the instruction on petit theft. The jurors were told that they could now find appellant guilty or not guilty of burglary.
Trespass is a permissive or category 2 lesser-included offense of burglary of a conveyance. A category 2 lesser-included offense "must be instructed upon when the pleadings and evidence demonstrate that the lesser offense is included in the offense charged." Wilcott v. State, 509 So.2d 261, 262 (Fla. 1987).
The information in this case charged appellant with burglary of a conveyance with intent to commit theft. The evidence showed that appellant entered a parked vehicle with the intent to commit the offense of theft. Thus, trespass, defined as the willful entry or remaining in a structure or conveyance under section 810.08, Florida Statutes (1989), was a lesser-included offense of the crime charged in this case. Since it was the next-lower lesser-included offense of the crime appellant was convicted of, the failure to instruct on it constituted reversible error. Wilcott, 509 So.2d at 262.
Notwithstanding the law of Wilcott, we would have affirmed this case because the defendant did not request the trespass instruction until after the jury had already retired to consider its verdict. See Fla. R.Crim.P. 3.390(d). Yet, this case presents a novel scenario which persuades us otherwise. At the judge's behest, the jury was recalled and instructed to ignore the given instruction on petit theft. In so doing, the jury was left only with the option of finding appellant guilty of burglary. Under these circumstances, we believe it was incumbent upon the trial court to substitute the correct lesser-included instruction when he was requested to do so by the defense.
REVERSED AND REMANDED.
DOWNEY, LETTS and WARNER, JJ., concur.