GLICKSTEIN, Judge,
dissenting.
I dissent because of the circuit court’s approval of the jury instruction which was given. The majority opinion begins:
WE AFFIRM the sentence and judgment below, finding no error with the jury instructions given.
The dissenter, Circuit Judge Makemson, was correct, in my view, when he said:
I dissent with respect to the issue regarding the jury instructions. I believe the trial court’s failure to use the current standard criminal jury instructions on DU-BAL was error, and that the instructions, as given, may have misled the jury.
Petitioner requested that the jury not be instructed on blood alcohol levels because the state had produced no evidence from which the jury could reasonably determine the petitioner’s level over one hour before the tests were conducted, when he was in control of his car. The trial court denied the request and indicated that the standard jury instructions would be given. The jury was then instructed in pertinent part:
[On the elements of the offense] Or, that the defendant did drive or was in actual physical control of a vehicle in Florida and that the defendant had a blood alcohol level of 0.10 percent or above.
*954 Petitioner did not object to this instruction after it was given.
After deliberating for a while, the jury requested that additional evidence be presented.[1] The trial court denied the jury’s request to reopen the evidence, but offered to re-instruct the jury on the elements of the offense. One juror asked that the instructions be read again.
The trial court repeated the instruction that it had given before:
Or, that the defendant did drive or was in actual physical control of a vehicle in Florida and, 2, that the defendant had a blood alcohol level of 0.10 percent or above.
Petitioner objected to this instruction as not being the standard, and that the difference was crucial on the facts of this case. Petitioner’s counsel requested at this time that the jury be instructed that the offense required that the defendant have an unlawful blood alcohol level at the time he is in control of the vehicle. The trial court erroneously stated that the instruction that included the phrase “at the time” was an older version, not the standard instruction that was in the 1991 book of standard jury instructions, and denied the petitioner’s request.
The Florida Standard Jury Instruction lists the elements of driving with an unlawful blood alcohol level (DUBAL):
1. (Defendant) drove or was in actual physical control of a vehicle in Florida.
2. He had a blood alcohol level of 0.10 percent or above at that time.
(Emphasis supplied). This version was approved by the Florida Supreme Court in 1981. In re Use by the Trial Courts of the Standard Jury Instructions, 431 So.2d 594, 595-96 (Fla.1981).
The trial court’s belief that the above language was from an old version was incorrect. While the state does not quote the standard jury instruction for DUBAL in its response to the show cause order, it concedes that the trial court did not read the applicable standard jury instruction “word for word.”
The Florida Supreme Court has approved only one version of the DUBAL instruction— the one quoted above. This standard instruction has never been amended, and was left in the same form when most of the Standard Instructions for criminal cases were amended in 1992. Standard Jury Instructions — Criminal Cases No. 92-1, 603 So.2d 1175 (Fla.1992). Further, all three of the felony DUI instructions that were added or amended at that time require proof that the defendant had impaired faculties or an unlawful blood alcohol level “[wjhile driving or in control of the vehicle” or “[a]t the time of such operation [of a vehicle].”
The instruction given by the county court and approved by the circuit court deviates from the standard because the jury that convicted the petitioner was not instructed that the petitioner must have had a 0.10 percent blood alcohol level at the time he was driving or in control of the car. Because of the hour delay that occurred in this case between the traffic stop and the blood alcohol tests, I cannot comfortably conclude that this distinction was not crucial to the jury’s finding of guilt. How can we say with certainty it was not crucial, given the erroneous instruction?
Although trial courts are not absolutely required to use the standard jury instructions, the standards are generally preferred. Cruse v. State, 588 So.2d 983, 989 (Fla.1991), cert. denied, — U.S. —, 112 S.Ct. 2949, 119 L.Ed.2d 572 (1992); Perkins v. State, 463 So.2d 481, 483 (Fla. 2d DCA 1985). Giving a nonstandard instruction that tends to mislead the jury is reversible error. Doyle v. State, 483 So.2d 89 (Fla. 4th DCA 1986).
The state argues that the petitioner failed to preserve this error for review because he did not object after the instruction was read to the jury, although it concedes that he did object when the jury was reinstructed, prior to rendition of their verdict.[2]
*955 Ordinarily, the failure to timely object will waive the issue for the purpose of appeal. Oliverio v. State, 588 So.2d 412 (Fla. 4th DCA 1991). There are, however, exceptions to this rule. In Thomas v. State, 591 So.2d 259, 260 (Fla. 4th DCA 1991), this court found that the issue was not waived when the defendant failed to object before the jury retired, because the trial court then called the jurors back from their deliberations to instruct them to ignore the lesser included offense instructions that had been given. The defendant had requested an additional instruction just before the trial court called the jurors back. This court found that in this “novel scenario” the defendant had not waived his objection under rule 3.390(d). Id.
As in Thomas the same exception to the rule 3.390(d) waiver provision should apply.[3] Although the jury was not called away from its deliberations by the trial judge, as was the ease in Thomas, reinstrueting the jury was the trial court’s idea. Under Thomas, this afforded the petitioner a second opportunity to object to the instructions and an opportunity for the trial court to give a correct instruction.
The state argues that the instruction was not misleading because it accurately stated the elements under the DUBAL statute, section 316.193(l)(b), Florida Statutes (1991):
(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if such person is driving or in actual physical control of a vehicle within this state and:
(b) The person has a blood or breath alcohol level of 0.10 percent or higher.
While the statute does not specify that the level must occur at the time of the driving, that is a question of fact that the jury must deeide. In Miller v. State, 597 So.2d 767, 770 (Fla.1991), the Florida Supreme Court held that the trial court had erred in removing from the jury’s consideration the question of whether the results of a test conducted 1 ½ hours after the defendant was stopped were probative of the level of alcohol in his body before he was stopped. In Miller, the trial court erred by suppressing the evidence. Id. Here, the trial court erred by giving an instruction that may have misled the jury into assuming that the level at the time of the test was the only relevant measurement.

. The jury’s note was not made part of the record.

. Petitioner urges that under this court's decision in Rogers v. State, 626 So.2d 339 (Fla. 4th DCA 1993), even a belated objection will preserve the issue for appeal. However, there is a critical difference between the timing of the objection in Rogers, which was made after the jury had been instructed but before it had retired, and the one in this case, which was made after the jury had retired and was in the process of deliberating. Neither party cited rule 3.390, Florida Rules of *955 Criminal Procedure (1991), which provided prior to the 1991 amendment which took effect after the trial in this case:
(d) No party may assign as error [as] grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the presence of the jury. (Emphasis supplied.)

. Also, it may be fundamental error for a court to instruct the jury using a misleading nonstandard instruction. Doyle, 483 So.2d 89. Petitioner has not argued that the error in this case was fundamental.