785 So.2d 626 (2001)
Ariel M. THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-3664.
District Court of Appeal of Florida, Second District.
April 27, 2001.
*627 James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jenny S. Sieg, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Ariel Thomas appeals from his judgment and sentence for escape, battery on a law enforcement officer, and resisting an officer with violence. We are compelled to reverse and remand for a new trial on the issue of the trial court's failure to inquire into defense counsel's conflict of interest, which impinged upon Thomas's fundamental Sixth Amendment right to conflict-free counsel.
Before trial, defense counsel informed the trial court that he had represented a prosecution witness, Greg Pontoon, in the past and wanted the witness instructed so there would be no mention of the past representation. The prosecutor recognized the conflict when he stated that "as far as Mr. Brown representing someone who he's now going to try to impeach based on priors that he represented or was involved in, that's between him and the Florida Bar." The trial court found there was no conflict because the past representation had no connection to the present case.
At trial, Pontoon, who was one of Thomas's cellmates at the time of Thomas's escape, testified that Thomas "slugged" *628 Deputy Martin, took her key, and ran to the other end of the hallway. Pontoon admitted that he had been convicted of four felonies. At the time of the incident, he was being held for a misdemeanor probation violation. Pontoon said that he had not been offered any deals nor were any promises made to him for his testimony. Defense counsel briefly cross-examined Pontoon regarding how many people were in the cell and whether Pontoon believed he would receive favorable treatment due to his testimony.
A criminal defendant's Sixth Amendment right to the effective assistance of counsel encompasses the right to counsel free of ethical conflicts. Wood v. Georgia, 450 U.S. 261, 271, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981); Holloway v. Arkansas, 435 U.S. 475, 481, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). "When defense counsel makes a pretrial disclosure of a possible conflict of interest with the defendant, the trial court must either conduct an inquiry to determine whether the asserted conflict of interest will impair the defendant's right to the effective assistance of counsel or appoint separate counsel." Lee v. State, 690 So.2d 664, 667 (Fla. 1st DCA 1997) (citing Holloway, 435 U.S. at 484, 98 S.Ct. 1173). In Lee, the First District reversed Lee's conviction for first-degree murder because the trial court had failed to obtain a complete waiver of Lee's right to conflict-free counsel. Lee's assistant public defender informed the trial court that the Public Defender's Office had recently represented a key prosecution witness on an offense for which the witness was serving time when Lee confessed to the witness while they were cellmates. In addition, defense counsel had personally represented the prosecution witness in 1985, but counsel stated that he had no memory of the prior representation and did not believe it created a conflict. Defense counsel explained to the court that he had discussed a stipulation with the prosecutor regarding the witness's prior convictions, so counsel would not have to cross-examine his former client on that subject. The trial court then explained to Lee that defense counsel could not use any privileged information gained from the witness in the past. Lee stated that he understood and agreed to waive the conflict. Lee later expressed his dissatisfaction with defense counsel and sought to withdraw his previous waiver of the conflict and have independent counsel appointed. The trial court refused to revisit the issue of waiver.
The First District reversed and held that Lee's waiver was invalid because the court failed to inform Lee of his right to conflict-free counsel:
For a waiver to be valid, the record must show that the defendant was aware of the conflict of interest, that the defendant realized the conflict could affect the defense, and that the defendant knew of the right to obtain other counsel.
Lee, 690 So.2d at 667 (quoting Larzelere v. State, 676 So.2d 394, 403 (Fla.1996)).
The present case is similar to Lee in that defense counsel had represented a key prosecution witness in the past, but counsel stated to the court that he did not believe it created a conflict. In Lee, the parties discussed a stipulation to the witness's prior convictions to avoid cross-examination on the subject. Here, the prosecutor stated that Pontoon was going to admit his prior felony convictions. In Lee, the trial court recognized the conflict and informed Lee of the conflict, although the court failed to fully explain Lee's options. The First District in Lee held that an actual conflict existed based on defense counsel's prior representation of a primary witness against Lee and the representation of the witness by the Public Defender's Office at the time Lee confessed to the *629 witness. Here, the conflict regarding defense counsel's prior representation of witness Pontoon was brought to the trial court's attention prior to trial, but the trial court did not address Thomas at all regarding the conflict. Neither did the court determine whether Pontoon had given defense counsel privileged information.
We note that the harmless error rule is not applied when a defendant is deprived of conflict-free counsel because "any action the lawyer refrained from taking because of the conflict would not be apparent from the record." Lee, 690 So.2d at 668. Here, the trial court never obtained from Thomas a knowing, intelligent, and voluntary waiver of Thomas's right to conflict-free counsel; thus, we must reverse Thomas's convictions and remand for a new trial.
Reversed and remanded for new trial.
PATTERSON, C.J., and CASANUEVA and SALCINES, JJ., concur.