790 So.2d 474 (2001)
Marsa FORSETT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3042.
District Court of Appeal of Florida, Second District.
June 1, 2001.
James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Katherine V. Blanco, Assistant Attorney General, Tampa, for Appellee.
PARKER, Acting Chief Judge.
Forsett appeals her judgment and sentence for possession of a firearm by a convicted felon. Of the two issues raised in this appeal, we conclude that the issue concerning Forsett's waiver of a conflict of interest on the part of her attorney requires reversal.
The charge in this case arose when Forsett picked up a firearm during a domestic dispute with Eugene Moseley, Jr., who was her boyfriend at the time. Prior to trial, defense counsel informed the court that he had previously represented Moseley, a prosecution witness, on a violation of probation. Counsel informed the court that he did not believe a conflict existed and that he could not remember any confidences and would not use them if there were any. The prosecutor stated that he did not feel that the prior representation was a problem. The trial judge acknowledged the information by saying: "Well, I appreciate it. Thank you." The matter was not discussed further.
On appeal, Forsett argues that the trial court erred in failing to obtain a voluntary waiver of her right to counsel free of ethical conflicts. Our court very recently discussed this issue in Thomas v. State, 785 So.2d 626 (Fla. 2d DCA 2001). In Thomas, defense counsel informed the court of the fact that he had represented a key prosecution witness shortly before trial. Id. at 627. The prosecutor did not take issue with the prior representation, and the court found that there was no conflict because the past case was not connected to the case at issue. Id. On appeal, this court reversed and remanded for a new trial based on the trial court's failure to make inquiry into the conflict of interest. Id.
This court relied on the reasoning of the Fourth District Court of Appeal in Lee v. State, 690 So.2d 664, 667 (Fla. 1st DCA 1997). "When defense counsel makes a pretrial disclosure of a possible conflict of interest with the defendant, the trial court must either conduct an inquiry to determine whether the asserted conflict of interest *475 will impair the defendant's right to the effective assistance of counsel or appoint separate counsel." Thomas, 785 So.2d at 627 (quoting Lee, 690 So.2d at 667). We explained that the trial court did not address the defendant at all during the discussion on the conflict, and the trial court did not determine whether confidences had been disclosed. Id. at 627-28. Finally, we declined to apply the harmless error analysis because any resulting error would not necessarily be apparent from the face of the record. Id.
In Lee, defense counsel informed the trial court that he had previously represented a prosecution witness but stated that he did not recall the details of the case and that he did not feel there was a conflict. 690 So.2d at 665. The trial court addressed the defendant and informed him that defense counsel would not be able to use any confidences against the witness, and the defendant agreed to waive any conflict. The First District reversed the conviction, holding that the trial court failed to obtain a voluntary waiver of conflict. Id. at 669. The court explained that the supreme court had listed three requirements which must be independently proven before a conflict could be waived: (1) the defendant must be made aware of the conflict of interest; (2) the defendant must understand that the conflict could affect his defense; and (3) the defendant must be informed of the right to obtain other counsel. Id. at 667 (citing Larzelere v. State, 676 So.2d 394, 403 (Fla.1996)). Because the trial court failed to inform the defendant of his right to obtain other counsel, the court held that the waiver of conflict was not voluntary. Id. at 668.
In this case, as in Thomas and Lee, the trial court failed to ascertain whether Forsett understood that she had the right to obtain other counsel. In fact, the trial court failed to address Forsett at all regarding the potential conflict. Therefore, the court did not obtain a voluntary waiver of Forsett's right to conflict-free counsel under Larzelere. Accordingly, we reverse and remand for a new trial.
Reversed and remanded.
CASANUEVA and DAVIS, JJ., Concur.