820 So.2d 1037 (2002)
Gregory HENIG, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-48.
District Court of Appeal of Florida, Fourth District.
July 10, 2002.
*1038 Carey Haughwout, Public Defender, and Melanie Weseman, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, Judy Hyman and Donna Hoffmann, Assistant Attorney Generals, West Palm Beach, for appellee.
STONE, J.
Henig appeals his conviction and sentence for the offense of trespass with a human being present. We reverse and remand for entry of a judgment and sentence on the lesser offense of simple trespass.
Henig was charged with burglary of a dwelling. The information alleged that Henig did "unlawfully, enter or remain in a structure, to wit: ... property of Deborah Stevens, with intent to commit a the [sic] offense of Assault therein, contrary to F.S. 810.02(1) and F.S. 810.02(3)(b)" (burglary *1039 of an unoccupied dwelling).[1] Henig and Stevens lived in the same apartment complex. She testified that Henig initially entered her apartment with her consent. The two sat outside drinking and talking with another neighbor and then Henig helped Stevens carry some glasses back into her apartment. Stevens said she locked her front door and went to bed after Henig left her apartment.
During the night, Stevens woke up, startled. As she walked down a hallway, she realized Henig was in her apartment, although she had not given him permission to enter. She went into the living room while Henig paced the floor mumbling. Stevens testified to being hysterical and afraid. At some point, she ran out the front door with Henig chasing after her.
Henig stated that all he remembered was that after helping Stevens bring the glasses back into her apartment, they flirted and kissed. He claimed to have gone outside for a moment and then when he went back into Stevens' apartment, he found her asleep. He then fell asleep on the couch. He testified that when he awoke and proceeded to leave the apartment, he encountered the police.
After the presentation of evidence, defense counsel requested an instruction on the lesser-included offense of trespass. Henig requested that both section 810.08(2)(a), simple trespass, and 810.08(2)(b), trespass with a human being present, be included in the jury instructions. The judge denied the request to include 810.08(2)(a) as a lesser-included offense but included 810.08(2)(b).
The jury returned a verdict of guilty as to the lesser-included offense of trespass of a structure with a human being present.
Trespass is a category II permissive lesser-included offense of burglary. Thomas v. State, 591 So.2d 259, 260 (Fla. 4th DCA 1991). In order to qualify as a proper category 2 permissive lesser-included offense, the indictment or information must allege all the statutory elements of the subject lesser offense, and the evidence at trial must establish each of these elements. Jones v. State, 666 So.2d 960, 963 (Fla. 3d DCA 1996); see also Amado v. State, 585 So.2d 282 (Fla.1991).
We conclude that it was error for the trial court not to give the requested instruction on the permissive lesser-included offense of simple trespass where the information alleged all the statutory elements of the offense and there was evidence at trial establishing those elements. See Wimberly v. State, 697 So.2d 1272, 1273 (Fla. 4th DCA 1997); Jones, 666 So.2d at 963.
The failure to give an authorized and requested lesser-included instruction constitutes reversible error. Amado, 585 So.2d at 283; Rogers v. State, 626 So.2d 339 (Fla. 4th DCA 1993). We cannot find that the error was harmless. Goodwin v. State, 751 So.2d 537 (Fla.1999). Although failure to instruct on a permissible lesser-included offense can be harmless error, such is not the case where, as here, the requested instruction of simple trespass is one step removed from the offense for which the appellant was convicted, trespass with a human being present. See Butler v. State, 379 So.2d 715 (Fla. 5th DCA 1980)(reversing conviction of first-degree misdemeanor trespass where appellant should have been given instruction on second degree because it was not two or more steps removed from offense of which appellant was convicted).
We have considered, and reject, the state's assertion that the defense waived a *1040 charge on simple trespass. The record clearly reflects defense counsel's request that simple trespass be included in the jury instructions. The trial court made it clear at that time that it was denying the requested instruction. See State v. Heathcoat, 442 So.2d 955 (Fla.1983)(holding that issue was preserved where record reflected that there was a timely request for the instruction, judge fully understood need and nature of request, and that with full understanding he denied the request).
Although not a basis for reversal because Henig waived the error at trial, the trial court improperly instructed the jury on trespass with a human being present. Section 810.08(2)(b) provides that trespass becomes a first-degree misdemeanor if "there is a human being in the structure or conveyance at the time the offender trespassed." § 810.08(2)(b), Fla. Stat. (1999). Although the allegations in the information were sufficient for a charge of simple trespass under section 810.08(2)(a), the information did not specifically allege that there was a human being in the structure at the time of the trespass and, thus, not all of the statutory elements of the offense of trespass of an occupied structure were charged as required. See Rozier v. State, 402 So.2d 539 (Fla. 5th DCA 1981).
In Rozier, the court held that the language that the defendant "did enter or remain in said dwelling `stealthily and without the consent of (the owner)'" was sufficient to sustain a conviction for simple trespass. Id. at 543. In doing so, however, the court noted that the allegation in count II was not sufficient to allege first-degree misdemeanor trespass under 810.08(2)(b) because count II did not allege that there was a human being in the structure at the time the offender trespassed as required by that subsection. Id. at 543 n. 4.
As in Rozier, the information in the instant case was not sufficient to support a conviction of a lesser offense of trespass with a human being present because the information did not allege that there was a human being in the dwelling at the time Henig trespassed as required by section 810.08(2)(b). Thus, we note that the trial court improperly gave the instruction on that lesser-included offense.
We also note that "[i]t is appropriate to consider both the preserved and unpreserved errors in determining whether the preserved error was harmless beyond a reasonable doubt." Martinez v. State, 761 So.2d 1074, 1082-83 (Fla.2000). Thus, even though the issue on giving the instruction on trespass with a human being was not preserved, it provides another basis for holding the preserved error in failing to instruct on simple trespass to not be harmless where Henig was convicted on the erroneously instructed offense of trespass with a human being present. We, therefore, reverse and remand for further proceedings consistent with this opinion.
GUNTHER and FARMER, JJ., concur.
NOTES
[1] Section 810.02(1), Florida Statutes, concerns burglary of a dwelling and section 810.02(3)(b) covers burglary of an unoccupied dwelling.