833 So.2d 247 (2002)
Joseph PICCIONI, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2225.
District Court of Appeal of Florida, Fourth District.
December 26, 2002.
*248 Carey Haughwout, Public Defender, and Iva Oza, Assistant Public Defender, West Palm Beach, for appellant.
Richard E. Doran, Attorney General, Tallahassee, and Meredith L. Balo, Assistant Attorney General, Fort Lauderdale, for appellee.
STEVENSON, J.
Joseph Piccioni, the appellant, was charged with and convicted of burglary of a dwelling. At trial, Piccioni's counsel asked that the court instruct the jury on the lesser-included offense of trespass. The judge refused and Piccioni now appeals that ruling. We find merit in Piccioni's claim, reverse his conviction and remand for a new trial.
Trespass is a category two permissive lesser-included offense of burglary of a dwelling. See Henig v. State, 820 So.2d 1037, 1039 (Fla. 4th DCA 2002); see also In re Standard Jury Instructions in Criminal Cases (97-2), 723 So.2d 123, 131 (Fla.1998). When requested by the defendant, an instruction on a category two permissive lesser-included offense must be given where "(1) the information alleges all of the statutory elements of the permissive lesser-included offense, and (2) there is some evidence adduced at trial establishing all of the elements." Wimberly v. State, 697 So.2d 1272, 1273 (Fla. 4th DCA 1997); see also Amado v. State, 585 So.2d 282, 282 (Fla.1991).
Both of these requirements were satisfied in the instant case. The amended information alleged that Piccioni "did unlawfully enter or remain in a structure, to wit: a dwelling, or the curtilage thereof,..., property of Michael Hohlman, with intent to commit therein the offense of Theft...." In Henig v. State, this court held that similar language was sufficient to allege the statutory elements of trespass. See 820 So.2d at 1038-39. There was also evidence at trial to establish a trespass as Piccioni's fingerprint was found on the kitchen window screen and the victim testified that Piccioni did not have permission to be on the property or in his home. The fact that there was additional evidence suggesting that Piccioni was guilty of the greater crime is immaterial. See Gillespie v. State, 440 So.2d 8, 10 (Fla. 1st DCA 1983)("Even if the evidence is overwhelming that the defendant is guilty of the crime with which he is charged, the court must give a charge on a lesser included offense as to which there is any evidence."); see also Amado, 585 So.2d at 282-83 (holding that where defendant was charged with drug trafficking for possessing more than twenty-eight grams of cocaine, the fact that the evidence was overwhelming that quantity of drugs exceeded twenty-eight grams did not eliminate defendant's entitlement to instruction on lesser-included offense of simple possession).
Since Piccioni was entitled to the instruction, the only question that remains is whether its absence from the trial requires reversal. The failure to instruct the jury on a permissive lesser-included offense can sometimes be harmless error. See Henig, 820 So.2d at 1039. Where the absent lesser-included offense is only one step removed from the charged offense, however, the failure to give the requested instruction is reversible error per se. See State v. Abreau, 363 So.2d 1063, 1064 (Fla. 1978); Morris v. State, 658 So.2d 155, 156 (Fla. 1st DCA 1995). The instant case *249 falls into this latter category. Accordingly, we reverse Piccioni's conviction for burglary of a dwelling and remand for a new trial.
REVERSED and REMANDED.
KLEIN and TAYLOR, JJ., concur.