LEVY, Judge.
Defendant appeals his convictions on the ground that the trial court failed to inquire into the potential conflict involving defendant’s counsel. We disagree with defendant’s argument on appeal that the trial court’s failure to inquire into the conflict involving defense counsel requires automatic reversal. Defendant relies on Thomas v. State, 785 So.2d 626 (Fla. 2d DCA 2001) and Lee v. State, 690 So.2d 664 (Fla. 1st DCA 1997) to support his argument. However, this argument was specifically dismissed by the Supreme Court of the United States in Mickens wherein the Court explained:
[Defendant’s proposed rule of automatic reversal when there existed a conflict that did not affect counsel’s performance, but the trial judge failed to make the Sullivan[1]-mandated inquiry, makes ’ little policy sense. As discussed, the rule applied when the trial judge is not aware of the conflict (and thus not obligated to inquire) is that prejudice will be presumed only if the conflict has significantly affected counsel’s performance— thereby rendering the verdict unreliable, even though Strickland prejudice cannot be shown. The trial court’s awareness of a potential conflict neither renders it more likely that counsel’s performance was significantly affected nor in any other way renders the verdict unreliable. Nor does the trial judge’s failure to make the Sullivan-mandated inquiry often make it harder for reviewing courts to determine conflict and effect, particularly since those courts may rely on evidence and testimony whose importance only becomes established at the trial.
Nor, finally, is automatic reversal simply an appropriate means of enforcing Sullivan’s mandate of inquiry.
Mickens v. Taylor, 535 U.S. 162, 122 S.Ct. 1237, 1244, 152 L.Ed.2d 291, 304-05 (2002) (citations omitted)(footnote added). Moreover, Lee and Thomas address a much different question regarding whether a defendant properly waives his right to conflict-free counsel after the trial court recognizes the conflict but fails to address the defendant regarding his understanding of the conflict and available options. Additionally, counsel’s conflict in each of those cases manifested itself during the course of the trial. In each case, counsel was restricted during cross-examination of state witnesses by the attorney-client privilege because counsel had previously represented the state witnesses in unrelated matters. See Lee, 690 So.2d at 665; Thomas, 785 So.2d at 627-28. See also United States v. McLain, 823 F.2d 1457, 1464 (11th Cir.1987)(where defense counsel was under investigation during the course of trial by the same United States Attorney’s office prosecuting the defendant, the “conflict manifested itself in [counsel’s] benefit from [defendant’s], prolonged trial” where evidence reflected that the government would not indict counsel until defendant’s trial ended.); see also Forsett v. State, 790 So.2d 474 (Fla. 2d DCA 2001).
In Herring v. State, the Supreme Court of Florida distinguished an “actual conflict” from a potential or speculative con *478 flict. See Herring, 730 So.2d at 1267. The Court explained:
To demonstrate an actual conflict, the defendant must identify specific evidence in the record that suggests that his or her interests were impaired or compromised for the benefit of the lawyer or another party.... Without this factual showing of inconsistent interests, the conflict is merely possible or speculative, and, under Cuyler, such a conflict is “insufficient to impugn a criminal conviction.”
Herring, 730 So.2d at 1267 (citations omitted). See also Mickens v. Taylor, 122 S.Ct. at 1243. Thus, where, as here, defendant raises the conflict after he was convicted, the defendant must “establish that an actual conflict of interest adversely affected his lawyer’s performance.” See Cuyler v. Sullivan, 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); see also Mickens v. Taylor, 535 U.S. 162, 122 S.Ct. 1237, 1245, 152 L.Ed.2d 291, 305-06 (2002); Hunter v. State, 817 So.2d 786, 791-92 (Fla.2002); Herring v. State, 730 So.2d 1264, 1267 (Fla.1998).
While defendant in the instant case demonstrated that a conflict involving his trial counsel existed, defendant failed to show that the conflict impaired or compromised his interests for the benefit of counsel. See Hunter v. State, 817 So.2d 786, 793 (Fla.2002). The Record is devoid of any evidence which demonstrates that such conflict adversely affected counsel’s representation. See id. In fact, the trial court specifically commended counsel’s representation of the defendant.
On the authority of Herring and Mick-ens, we conclude that automatic reversal is not warranted simply upon a defendant demonstrating that a conflict involving defense counsel exists. Rather, a defendant challenging his conviction on the basis of conflict with their counsel must also demonstrate that the conflict affected counsel’s performance. Cf. Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978)(approving automatic reversal where counsel was required to continue his representation of the defendant despite counsel’s own objection on the basis that the conflict was affecting his representation). Accordingly, we affirm defendant’s conviction and sentence.
Affirmed.

. In Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), the Court declined to extend automatic reversal and held that "absent objection, a defendant must demonstrate that 'a conflict of interest actually affected the adequacy of his representation.’ " The Court addressed the trial court’s duty to inquire into the propriety of multiple representation of defendants where the court knows or should know that a conflict exists. See Sullivan, 446 U.S. at 349-50, 100 S.Ct. 1708.