958 So.2d 519 (2007)
A.P., Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-1686.
District Court of Appeal of Florida, Second District.
June 6, 2007.
*520 James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
A.P., a fifteen-year-old girl, challenges the trial court order adjudicating her delinquent and committing her to a moderate risk placement. Because the record reveals that the trial court did not ensure that A.P. made a knowing and voluntary waiver of conflict-free counsel pursuant to Forsett v. State, 790 So.2d 474 (Fla. 2d DCA 2001), we reverse and remand for further proceedings.
The delinquency petition was based on the allegation that A.P. had battered her stepfather. At the commencement of the plea colloquy, the public defender representing A.P. informed the court in the presence of A.P. that he might have a conflict of interest representing A.P. because the public defender's office had represented the victim, A.P.'s stepfather, on a prior domestic battery charge. The public defender then requested a Forsett inquiry, pursuant to which the defendant may voluntarily waive such a conflict if the following three requirements can be independently proven: (1) the defendant is aware of the conflict, (2) the defendant understands that the conflict could affect his or her defense, and (3) the trial court has informed the defendant of the right to obtain other conflict-free counsel. Id. at 475; see also Larzelere v. State, 676 So.2d 394, 403 (Fla.1996); Thomas v. State, 785 So.2d 626 (Fla. 2d DCA 2001); Lee v. State, 690 So.2d 664, 667 (Fla. 1st DCA 1997).
After the trial court questioned the public defender further about the nature of the prior representation and established that the public defender's office had, in fact, represented A.P.'s stepfather on an unrelated domestic battery charge,[1] the trial court conducted the following inquiry:
THE COURT: [A.P.], do you understand what [your public defender] just related?
[A.P.]: Yes, sir.
THE COURT: Okay. Has anybody forced you or threatened you to have [your public defender] continue as your lawyer?
[A.P.]: No, sir.

*521 THE COURT: All right. I find that the juvenile has freely and voluntarily waived any conflict.
Applying the three-part Forsett test to the above, it can be seen that while A.P. was made aware that there was a conflict, there is no indication that she understood how this conflict could affect her defense or that she had the right to obtain conflict-free counsel. Because the three elements of the Forsett test were not independently proven, we conclude that the trial court erred in finding that A.P. voluntarily waived her counsel's conflict of interest.
Furthermore, A.P.'s involuntary waiver cannot be deemed harmless. "The assistance of counsel is among those `constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error.'" Lee, 690 So.2d at 668 (quoting Chapman v. California, 386 U.S. 18, 23, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)).
Having concluded that the trial court erred in finding that A.P. voluntarily waived her right to conflict-free counsel, we reverse and remand for further proceedings.
Reversed and remanded.
FULMER, C.J., and SALCINES, J., Concur.
NOTES
[1] The fact that the public defender who represented A.P. in this case was not the same public defender who had represented the victim does not eliminate the conflict. See Rodriguez v. State, 767 So.2d 621 (Fla. 4th DCA 2000); Valle v. State, 763 So.2d 1175 (Fla. 4th DCA 2000).