WARNER, J.
 

 Appellant, Karim Bordes, challenges his conviction for burglary of a dwelling, arguing that the trial court erred in failing to give an instruction on the lesser-included crime of trespass. Because all of the elements of trespass were present, and there was evidence to support the charge, the instruction should have been given when requested by the defendant. We reverse.
 

 The police apprehended Bordes in the home of Tori Webber after a neighbor reported a suspicious vehicle in the area. Bordes ran when he first saw police, and dropped gloves as he tried to exit the house. When the officers asked Bordes what he was doing in the house, he told them that a friend who owed him money asked him to come to the house so that he could pay him back. At trial the friend testified that he owed money to Bordes and had called him to tell him to come by and pick it up, but the friend did not tell him to come to the home where the police detained Bordes. The owner of the home, Tori Webber, testified that she did not know Bordes or his friend and did not give either permission to be in her home.
 

 At trial, Bordes requested that the court give the lesser-included instruction of trespass. The court declined, determining that the information did not contain all of the elements of trespass. The jury found Bordes guilty of burglary, and the court convicted and sentenced him to eighteen years in prison as a habitual offender. He appeals.
 

 A trial court must give a jury instruction on a permissive lesser-included offense if: (1) the indictment or information alleges all the statutory elements of the permissive lesser-included offense, and (2) there is some evidence adduced at trial establishing all of those elements.
 
 Khianthalat v. State,
 
 974 So.2d 359, 361 (Fla.2008). Because this issue involves strictly
 
 *217
 
 legal determinations, our standard of review is de novo.
 
 See Williams v. State,
 
 957 So.2d 595, 598 (Fla.2007).
 

 Bordes was charged with burglary of a dwelling. The information alleged that Bordes did “unlawfully, enter or remain in a structure, to wit: a dwelling ... property of Tori Webber, with intent to commit therein the offense of Theft ... contrary to F.S. 810.02(1) and F.S. 810.02(3).” Trespass is a category II permissive lesser-included of burglary. Where the information alleges all of the statutory elements of the lesser offense, and the evidence at trial establishes each of the elements, it is error not to give the trespass instruction.
 
 See Henig v. State,
 
 820 So.2d 1037, 1039 (Fla. 4th DCA 2002);
 
 Piccioni v. State,
 
 833 So.2d 247, 248-49 (Fla. 4th DCA 2002). In both
 
 Henig
 
 and
 
 Piccioni
 
 we held that an information worded identically to the one in this case (save for the victim’s name) included all of the statutory elements of trespass.
 

 The evidence presented at trial covered each element of the crime of trespass. Bordes willfully entered Webber’s home without her permission. Thus, both predicate requirements to give the instruction were established, and the jury should have been instructed on trespass.
 

 The state contends that this case is distinguishable from the foregoing cases, because Bordes claimed that his friend gave him “permission” to enter the home, not Webber. This makes no difference to the applicability of the charge. The owner, Webber, did not give permission. The jury must deliberate whether Bordes had the intention to commit a theft within the home, or whether, as he contends, he was simply waiting for his friend in the wrong house, which would be a trespass.
 

 Because this case will have to be retried, we also briefly address Bordes’ claim that the court erred in permitting the state to elicit testimony from the victim regarding calls that Bordes’ mother made to her, which intimidated her. We agree that it was error to admit the testimony where the state did not use the evidence to explain an inconsistency in the witness’s testimony or use it as impeachment.
 
 See Koon v. State,
 
 513 So.2d 1253 (Fla.1987);
 
 Lopez v. State,
 
 716 So.2d 301 (Fla. 3d DCA 1998).
 

 Reversed and remanded for further proceedings.
 

 DAMOORGIAN and LEVINE, JJ., concur.