DAMOORGIAN, J.
 

 Defendant, Dennis Hannah, appeals his conviction and sentence for burglary of a conveyance and third-degree grand theft. Defendant raises four issues on appeal for which we hold two have merit. The first issue is whether the trial court committed reversible error by refusing to instruct the jury on trespass, a lesser-included offense to burglary. The second issue is whether the trial court erred by failing to inquire into defense counsel’s conflict of interest and provide defendant with notice and an opportunity to be heard on the issue. Answering both questions in the affirmative, we reverse defendant’s convictions on both charges and remand for a new trial.
 

 At trial, the following facts were adduced from the State’s witnesses. Several employees of S & S Janitorial Services were recoating the floor at a local drug store. While they were recoating the floor, one of the employees saw defendant banging on the front door of the store. The S & S employee walked over to the door and told defendant the store was closed. Defendant appeared angry and intoxicated. Defendant walked away from the door and headed towards the direction where the S & S employees had parked their company truck and trailer. At the conclusion of their work, the employees returned to their vehicle and checked the trailer, which was unlocked. They discovered that a floor buffer, two propane tanks, and a set of red scrubbing pads were missing from the trailer. While one of the employees contacted the police, the other proceeded to look for defendant in the direction of a nearby Publix food store. Thereafter, defendant appeared from behind the Publix. The S & S employee approached defendant, who smelled of vomit, and asked whether he took the floor buffer from the S & S trailer. Defendant denied taking the buffer and began to walk away.
 

 After speaking to the S & S employees, the officer who responded to the call drove to the Publix and discovered the floor buffer, two propane tanks, and two red scrubbing pads in the rear of the Publix where
 
 *953
 
 defendant was last seen. The officer also observed a fresh pool of vomit in the area where the floor buffer was found and a beer can underneath the floor buffer. Defendant’s beard contained remnants of vomit, which matched the vomit found on the ground near the floor buffer. The officer did not see any other individuals in the area. All of the local businesses were also closed at the time, and the parking lots were empty. Both S & S employees confirmed that no one else was in the area between the time they first made contact with defendant and observed him appear from behind the Publix. Thereafter, defendant was arrested and charged with burglary and grand theft.
 

 At trial, defense counsel requested an instruction on trespass as a lesser-included offense of burglary. The State objected, contending that if the jury found that defendant entered the trailer and did not take anything, then the jury would just find him not guilty of both counts. The trial court declined to give the instruction on the basis that there was no evidence presented of trespass. The jury found defendant guilty of both charges.
 

 Defendant argues that the trial court erroneously refused to instruct the jury on trespass as a lesser-included offense of burglary. “ ‘[A] trial court has wide discretion in instructing the jury, and the court’s decision regarding the charge to the jury is reviewed with a presumption of correctness on appeal.’ ”
 
 Carpenter v. State,
 
 785 So.2d 1182, 1199-1200 (Fla.2001) (quoting
 
 James v. State,
 
 695 So.2d 1229, 1236 (Fla.1997)).
 

 “Trespass is a permissive or category 2 lesser-included offense of burglary of a conveyance. A category 2 lesser-included offense ‘must be instructed upon when the pleadings and evidence demonstrate that the lesser offense is included in the offense charged.’ ”
 
 Thomas v. State,
 
 591 So.2d 259, 260 (Fla. 4th DCA 1991) (quoting
 
 Wilcott v. State,
 
 509 So.2d 261, 262 (Fla.1987)) (alteration in original);
 
 see also Piccioni v. State,
 
 833 So.2d 247, 248 (Fla. 4th DCA 2002) (“When requested by the defendant, an instruction on a category two permissive lesser-included offense must be given where ‘(1) the information alleges all of the statutory elements of the permissive lesser-included offense, and (2) there is
 
 some evidence
 
 adduced at trial establishing all of the elements.’ ” (quoting
 
 Wimberly v. State,
 
 697 So.2d 1272, 1273 (Fla. 4th DCA 1997) (emphasis added)).
 

 Trespass is defined as “the willful entry or remaining in a structure or conveyance[.]”
 
 Thomas,
 
 591 So.2d at 260;
 
 see also
 
 § 810.08(1), Fla. Stat. (2008). The information here charged defendant with burglary of a conveyance and grand theft. Specifically, with regards to burglary, the information alleged that defendant “did unlawfully enter or remain in a conveyance, the property of S & S Janitorial Services ... with the intent to commit an offense therein, to wit: a theft[.]” In
 
 Henig v. State,
 
 820 So.2d 1037, 1038-39 (Fla. 4th DCA 2002), “[t]he information alleged that Henig did ‘unlawfully, enter or remain in a structure, to wit: ... property of Deborah Stevens, with intent to commit ... the ... offense of Assault therein ... ’ (burglary of an unoccupied dwelling).” This court held that the above language was sufficient to allege the statutory elements of trespass.
 
 Id.
 
 at 1039;
 
 see also Piccioni,
 
 833 So.2d at 248. As in
 
 Henig,
 
 the information here sufficiently alleged the statutory elements of trespass under defendant’s burglary of a conveyance charge.
 

 The circumstantial evidence here showed that defendant entered the trailer with the intent to commit the offense of theft. Stated differently, the State presented competent, substantial evidence
 
 *954
 
 that defendant committed burglary, which would also support a conviction for trespass. Therefore, trespass, as defined above, was a lesser-included offense of the crime charged in this case, burglary. “Since [trespass] was the next-lower lesser-included offense of the crime [defendant] was convicted of, the failure to instruct on it constituted reversible error.”
 
 Thomas,
 
 591 So.2d at 260 (citing
 
 Wilcott,
 
 509 So.2d at 262);
 
 see also Henig,
 
 820 So.2d at 1039;
 
 Picdoni,
 
 833 So.2d at 248-49 (stating that trespass is one step removed from burglary of a dwelling, and therefore, the failure to give an instruction on trespass is reversible error
 
 per
 
 se).
 

 Next, defendant argues that a potential conflict of interest existed because his trial counsel previously represented one of the S & S employees, and that the trial court’s failure to inquire into the conflict of interest entitles him to a new trial. In support of his arguments, defendant cites, among other cases, to
 
 Thomas v. State,
 
 785 So.2d 626 (Fla. 2d DCA 2001), and
 
 Forsett v. State,
 
 790 So.2d 474 (Fla. 2d DCA 2001).
 

 “A criminal defendant’s Sixth Amendment right to the effective assistance of counsel encompasses the right to counsel free of ethical conflicts.”
 
 Thomas,
 
 785 So.2d at 628 (citing
 
 Wood v. Georgia,
 
 450 U.S. 261, 271, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981)). “ “When defense counsel makes a pretrial disclosure of a possible conflict of interest with the defendant, the trial court must either conduct an inquiry to determine whether the asserted conflict of interest will impair the defendant’s right to the effective assistance of counsel or appoint separate counsel.’ ”
 
 Id.
 
 (quoting
 
 Lee v. State,
 
 690 So.2d 664, 667 (Fla. 1st DCA 1997));
 
 see also Larzelere v. State,
 
 676 So.2d 394, 403 (Fla.1996) (holding that a defendant’s fundamental right to conflict-free counsel may be waived and that, for a waiver to be valid, “the record must show that the defendant was aware of the conflict of interest, that the defendant realized the conflict could affect the defense, and that the defendant knew of the right to obtain other counsel[ ]” (citing
 
 United States v. Rodriguez,
 
 982 F.2d 474, 477 (11th Cir.1993))).
 

 In
 
 Thomas,
 
 the defendant was convicted for escape, battery on a law enforcement officer, and resisting an officer with violence. 785 So.2d at 627. Before trial, the defendant’s trial counsel informed the trial court that he had previously represented a prosecution witness and that he wanted the witness instructed to not mention anything about the past representation.
 
 Id.
 
 “The trial court found there was no conflict because the past representation had no connection to the present case.”
 
 Id.
 
 The witness, who was one of the defendant’s cell-mates, testified that the defendant “slugged” a deputy, took her key, and ran to the end of a hallway.
 
 Id.
 
 at 627-28. “Defense counsel briefly cross-examined [the witness] regarding how many people were in the cell and whether [he] believed he would receive favorable treatment due to his testimony.”
 
 Id.
 
 at 628. The Second District reversed the defendant’s convictions and remanded for a new trial, specifically noting that the trial court did not (a) address the defendant regarding his counsel’s conflict of interest with the prosecution’s witness; (b) determine whether the witness had given defense counsel privileged information; and (c) obtain from the defendant a knowing, intelligent, and voluntary waiver of his right to conflict-free counsel.
 
 Id.
 
 at 629.
 

 Similarly, in
 
 Forsett,
 
 the Second District cited to
 
 Thomas
 
 and held that the trial court did not obtain a voluntary waiver of the defendant’s right to conflict-free counsel.
 
 Forsett,
 
 790 So.2d at 474-75. In that case, defense counsel informed the trial
 
 *955
 
 court that (a) he had previously represented a prosecution witness on a violation of probation case; (b) he did not believe a conflict existed; and (c) he could not remember any confidences and would not use them if there were any.
 
 Id.
 
 at 474. The court simply thanked counsel for the information.
 
 Id.
 
 Aside from its holding, the Second District further emphasized that the trial court (a) did not determine whether the defendant understood she had the right to obtain other counsel and (b) completely failed to address the defendant regarding the potential conflict.
 
 Id.
 
 at 475.
 

 In the instant case, defense counsel, pri- or to the start of jury selection, disclosed to the trial court that he had previously represented one of the S & S employees, who was one of the State’s witnesses, in a violation of probation case and that the prior representation may create a conflict of interest with defendant. However, counsel noted that he thought the property stolen in this case belonged to S
 
 &
 
 S Janitorial Services, not the employee, and therefore, there was no conflict of interest. The State noted that the probation case was no longer pending. With little comment, the trial court proceeded with the trial without advising defendant directly of the potential conflict of interest, affording the defendant the opportunity to be heard, or informing the defendant of the right to obtain other counsel.
 

 As in
 
 Thomas
 
 and
 
 Forsett,
 
 defense counsel brought to the attention of the trial court a potential conflict of interest with one of the State’s witnesses. Defendant was not put directly on notice of the potential conflict, nor was a voluntary waiver of the right to conflict-free counsel obtained. Finally, as noted in
 
 Thomas,
 
 the harmless error rule may not be applied “when a defendant is deprived of conflict-free counsel because ‘any action the lawyer refrained from taking because of the conflict would not be apparent from the record.’ ” 785 So.2d at 629 (quoting
 
 Lee,
 
 690 So.2d at 668).
 
 [1]
 
 Accordingly, we reverse defendant’s convictions and remand for a new trial on both of his charges.
 

 Reversed and Remanded.
 

 STEVENSON and LEVINE, JJ., concur.
 

 [1]
 

 .
 
 See also Forsett,
 
 790 So.2d at 475;
 
 cf. Davis v. State,
 
 837 So.2d 476, 477-78 (Fla. 3d DCA 2002) (distinguishing
 
 Thomas
 
 and holding, on direct appeal, that where a defendant raises a conflict of interest
 
 after he was convicted,
 
 automatic reversal is
 
 not
 
 warranted simply upon a showing of the existence of the conflict, and the defendant must further establish that the conflict adversely affected his lawyer’s performance (citing
 
 Cuyler v. Sullivan,
 
 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980))).