CIKLIN, J.
Terrance McCloud appeals his conviction for burglary of a dwelling, arguing that the trial court erred when it did not instruct the jury on the lesser-included crime of trespass. Because all of the elements of trespass were included in the charging document, and evidence was presented to support those elements, the trial court was obligated to instruct the jury on trespass, as McCloud’s attorney had requested. Because the failure to instruct on a necessarily lesser included offense one step removed from the crime for which a defendant was convicted constitutes per se reversible error, we reverse McCloud’s conviction for burglary and remand for a new trial.
Responding to a call about a residential burglary in progress, officers with the Coral Springs Police Department discovered McCloud inside an otherwise empty residence with a front window crudely propped open. After a brief impasse during which McCloud would not exit the residence, he eventually exited the window and surrendered to the police. Upon entering the residence, the police noticed that the master bedroom appeared to have been disturbed, with dresser drawers left open and a jewelry box placed on the bed.
McCloud waived his Miranda rights and admitted to the police that he broke into the residence because he needed money. McCloud also stated that he touched a computer and a jewelry box and was wearing gloves.
During the charge conference, defense counsel asked the trial court to instruct the jury on the crime of trespass as a lesser-included offense of burglary. The trial court denied the request.
The jury subsequently found McCloud guilty of both burglary and grand theft. The trial court sentenced McCloud to fifteen years in prison for the burglary and a consecutive five years for the grand theft. McCloud appeals the burglary conviction because the trial court declined to instruct the jury on the lesser-included offense of trespass.[1]
Trespass is a category two permissive lesser-included offense of burglary of a dwelling. See Bordes v. State, 34 So.3d 215, 217 (Fla. 4th DCA 2010); Piccioni v. State, 833 So.2d 247, 248 (Fla. 4th DCA 2002). Upon request, “[a] trial court must give a jury instruction on a permissive lesser-included offense if: (1) the in *1096 dictment or information alleges all the statutory elements of the permissive lesser-included offense, and (2) there is some evidence adduced at trial establishing all of those elements.” Bordes, 34 So.3d at 216.
The information in the instant case alleged that McCloud “did unlawfully, enter or remain in a structure, to-wit: a dwelling ... property of Howard Schumacher, with intent to commit the offense of theft therein, contrary to F.S. 810.02(1) and F.S. 810.02(3).” We have repeatedly held that charging documents worded identically to the one in the instant case, save for the name of the victim, included all of the statutory elements of trespass. See Bordes, 34 So.3d at 217; Piceioni, 833 So.2d at 248; Henig v. State, 820 So.2d 1037, 1038-39 (Fla. 4th DCA 2002). Additionally, evidence was presented at trial to establish a trespass: McCloud admitted that he willfully entered Schumacher’s residence without his permission, and the police found McCloud inside Schumacher’s residence. Therefore, both of the predicate requirements were established, and McCloud was entitled to have the jury instructed on trespass.
Because the lesser-included offense of trespass is only one step removed from the charged offense of burglary of a dwelling, the trial court’s failure to give the requested instruction is per se reversible error. See Piceioni, 833 So.2d at 248-49. As such, we reverse McCloud’s conviction for burglary of a dwelling and remand for a new trial.

Reversed and remanded for a new triad.

POLEN and HAZOURI, JJ., concur.

. McCloud has not appealed the grand theft conviction and therefore we do not disturb it.