PER CURIAM.
The State timely appeals the order of the trial court granting defendants, Diggs and Smith, a new trial because of the court’s failure to give an instruction on attempted robbery. We reverse.
The defendants were charged with three counts of robbery and each defendant was convicted on all three counts. The court instructed the jury on the lesser offenses of assault with intent to commit robbery, grand larceny, assault with intent to commit grand larceny, petit larceny and assault *447 with intent to commit petit larceny. The court denied the defendant’s requested instruction on attempted robbery but subsequently granted a new trial because of its failure to so instruct the jury.
The trial judge did not have the benefit of Dobbert v. State, a Supreme Court of Florida case, 328 So.2d 433 (1976), when he granted a new trial due to the failure to instruct on attempted robbery. Dobbert stands for the principle that it is not reversible error for failure to instruct on attempt when the jury finds a defendant guilty of the highest offense which has been proven beyond a reasonable doubt when it was empowered to find him guilty of the lesser offenses.
In the Case sub judiee, the jury found the defendants guilty of robbery. Failure to instruct on attempt was harmless error.
Reversed and remanded for further proceedings consistent with this opinion.
MAGER, C. J., ALDERMAN, J., and WEAVER, SIDNEY M., Associate Judge, concur.