340 So.2d 1171 (1976)
Dane Craig GARRISON, Appellant,
v.
STATE of Florida, Appellee.
No. 75-2028.
District Court of Appeal of Florida, Fourth District.
October 29, 1976.
Rehearing Denied December 24, 1976.
*1172 Richard L. Jorandby, Public Defender, and Craig S. Barnard, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Marsha G. Madorsky, Asst. Atty. Gen., West Palm Beach, for appellee.
ALDERMAN, Judge.
In this case we must again consider the failure of a trial court to give a requested instruction on attempt. Appellant was charged and convicted on one count of receiving stolen property and four counts of aggravated assault. The issue is whether the refusal to instruct the jury on attempts, pursuant to Fla.R.Crim.P. 3.510, resulted in reversible error.
At one time the law on this issue appeared to be clear. The landmark case of Brown v. State, 206 So.2d 377 (Fla. 1968) held that if the trial judge determined an attempt to commit a crime to constitute an offense under Florida law, then he must instruct the jury on the subject of such attempt, and the jury may find guilt accordingly. According to Brown, supra, it was immaterial whether the accusatory pleading specifically charged an attempt. The court further held that the charge must be given, even though, in the opinion of the trial judge, the proofs established guilt of the crime charged rather than a mere attempt to commit it.
Subsequently, this court in a series of cases strictly applied the rule as announced in Brown v. State, supra. In Lewis v. State, 269 So.2d 692 (Fla. 4th DCA 1972), we held that an attempt to receive stolen property was a lesser included offense of receiving stolen property and failure to give a requested instruction on attempt was reversible error.
In Ward v. State, 287 So.2d 138 (Fla. 4th DCA 1973), we held the trial court's refusal to give a requested charge on attempt to break and enter a dwelling with intent to commit a misdemeanor to be reversible error. The harmless error statute was found not to be applicable where the jury, if it had been properly instructed on attempts, could have found appellant guilty of a misdemeanor. *1173 Without such an instruction the jury was not afforded such an opportunity.
Next, in McClam v. State, 288 So.2d 285 (Fla. 4th DCA 1974), we found reversible error in the trial court's failure to give appellant's requested instruction on the lesser included offense of attempt to possess marijuana. Appellant was convicted of a felony. The lesser offense of attempt to possess marijuana would have been a misdemeanor.
Also in Bracy v. State, 299 So.2d 126 (Fla. 4th DCA 1974), we held that where accused was convicted of robbery and first degree murder, refusal of requested instructions on attempted robbery, attempted murder and assault with intent to commit murder was reversible error. We specifically held that such instructions must be given even though it was the opinion of the trial court that the proofs clearly established the crimes charged.
From the line of cases discussed above one could reasonably conclude that the giving of a requested instruction on attempt, pursuant to Fla.R.Crim.P. 3.510, was mandatory. However, in the case of Spigner v. State, 304 So.2d 496 (Fla. 1st DCA 1974), Justice Drew, sitting as an Associate Judge of the District Court of Appeal, First District, applied the rationale of the Supreme Court in DeLaine v. State, 262 So.2d 655 (Fla. 1972) to bring into play the harmless error statute. In Spigner v. State, supra, the defendant was charged with and convicted of murder in the second degree. The trial judge charged the jury on murder in the second degree, murder in the third degree and manslaughter; but refused to instruct on attempt and assault with intent to commit the crime charged. DeLaine v. State, supra, dealt with the trial court's failure to give a requested instruction relating to assault and battery as a lesser included offense of rape. There the court found the failure to give the instruction to be error, but not prejudicial where the jury had been instructed on the lesser included crime of assault with intent to commit rape. The court reasoned that if the jury did not convict of assault with intent to rape, the same jury would not convict of assault and battery, which is two steps removed from the crimes of which defendants were convicted. Applying the same principle in Spigner v. State, the court there held that conviction of the offense of murder in the second degree brought the failure of the trial judge to charge an attempt squarely within the scope of the harmless error statute and the holding of the Supreme Court in DeLaine v. State.
The Supreme Court has also recognized that failure to instruct on attempts pursuant to Fla.R.Crim.P. 3.510 may be harmless error. In Dobbert v. State, 328 So.2d 433 (Fla. 1976), a capital case, the jury was instructed on murder in the first degree, murder in the second degree, murder in the third degree, manslaughter and justifiable and excusable homicide. The defendant was found guilty of murder in the first degree and sentenced to death. Relying heavily on DeLaine v. State, supra, and Spigner v. State, supra, the court held that the trial judge did not commit reversible error in failing to instruct on attempt.
Most recently this court in State v. Diggs, 4th DCA, 336 So.2d 446, 1976, relying on Dobbert v. State, supra, held that it was not reversible error when the trial court failed to give defendants' requested instruction on attempted robbery. The defendants were charged and convicted of robbery, the jury having been instructed on robbery, assault with intent to commit robbery, grand larceny, assault with intent to commit grand larceny, petit larceny and assault with intent to commit petit larceny.
The pattern which emerges from these cases is that it is error not to give a properly requested instruction on attempt. This is true even where the proofs establish guilt of the crime charged rather than a mere attempt to commit it. However, if the jury is given the opportunity of convicting the defendant of a lesser included offense which is greater than or at least equal in punishment to the attempt, failure to instruct on attempt may be harmless error.
A case which does not fit into this pattern is Lomax v. State, 322 So.2d 650 *1174 (Fla.2d DCA 1975). That case involved in part the trial court's refusal to give a requested instruction on attempted robbery. The Second District held that failure to give an instruction of an immediately lesser included offense may be harmless if there is overwhelming evidence that the appellant committed the greater crime and the jury could not reasonably have found that only the lesser crime was committed. Specifically, in reference to the requested instruction on attempt, the court said:
"Since the evidence of a completed robbery was so great, there was no rational basis for the jury to have concluded that attempted robbery was the only crime committed." (At 652.)
At first blush the rationale of the court in Lomax v. State is appealing. However, upon consideration it is apparent that the effect of Lomax would be to make the failure to instruct on attempts harmless error in every case. This is so because any verdict of guilt in order to be affirmed would have to have been proved beyond a reasonable doubt. We do not think that Lomax v. State can be squared with the decisions of this court cited above and the holding of the Supreme Court in Dobbert v. State, supra. It further appears that the Second District in the recent case of Lightfoot v. State, 331 So.2d 388 (Fla.2d DCA 1976), has receded from its holding in Lomax.
Reaching now the merits of the present case, we hold that the trial court's refusal to instruct the jury on attempts pursuant to Fla.R.Crim.P. 3.510 resulted in reversible error. Receiving stolen property and aggravated assault are both third degree felonies. An attempt to commit either of the offenses is a first degree misdemeanor. If the jury had been properly instructed on attempts, it could have found appellant guilty of first degree misdemeanors. Without such instruction appellant was deprived of his legal right to perhaps have been convicted of first degree misdemeanors, rather than third degree felonies. This was not harmless error.
REVERSED AND REMANDED for a new trial.
MAGER, C.J., and DOWNEY, J., concur.

PETITION FOR REHEARING
PER CURIAM.
Appellee, in its Petition for Rehearing, contends that failure of the trial court to instruct on attempted aggravated assault was harmless error because the jury was instructed on the lesser included offense of bare assault. Bare assault is a second degree misdemeanor. It is not a "lesser included offense which is greater than or at least equal in punishment to the attempt." Attempted aggravated assault is a first degree misdemeanor. The failure to instruct on attempts deprived appellant of his right to perhaps have been convicted of first degree misdemeanors rather than third degree felonies. The fact that the jury had the opportunity to convict him of second degree misdemeanors does not make the error harmless.
Petition for Rehearing DENIED.
DOWNEY and ALDERMAN, JJ., concur.
MAGER, C.J., dissenting, with opinion.
MAGER, Judge (dissenting):
In light of appellee's petition for rehearing calling this court's attention to the fact that the jury was instructed on the lesser included offense of bare assault, it is my opinion that the failure to instruct on attempt was harmless error in light of the holding in Dobbert v. State, 328 So.2d 433 (Fla. 1976) and State v. Diggs, 336 So.2d 446 (Fla. 4th DCA 1976). Accordingly, rehearing should be granted and the convictions on aggravated assault should be reinstated.