PER CURIAM.
Appellant was charged with and convicted of robbery of property having a value of less than $100. He raises four points on appeal, one of which requires discussion and reversal.
Although the evidence presented at trial would have supported a conviction of petit larceny, appellant’s request for a jury instruction on that crime was denied. In Haynes v. State, 377 So.2d 771 (Fla. 4th DCA 1979), we held that larceny is necessarily included in the crime of robbery and that it is legally impossible to prove robbery without proving larceny.
Florida Rule of Criminal Procedure 3.510 expressly requires the trial court to charge the jury on any offense which is necessarily included in the offense charged. Appellee concedes it was error not to do so, but argues the error was harmless. The supreme court held that it is reversible error per se not to instruct on the next immediate lesser included offense, while it may be harmless error not to instruct on an offense two steps removed from the offense charged. State v. Abreau, 363 So.2d 1063 (Fla.1978). See also Hunter v. State, 389 So.2d 661 (Fla. 4th DCA 1980). In reference to the charge sub judice “[t]he determination of whether the refusal to instruct on larceny was reversible error would depend upon an application of [Arbeau, supra ] ... to the facts of what transpired in the trial court.” Bell v. State, 394 So.2d 979, 980 (Fla.1981). Here, there was neither charge nor evidence of property having a value of $100 or more.' Consequently, petit larceny was the next immediate lesser included offense and the trial court committed reversible error when it failed to instruct on said crime.
We disagree with appellee’s argument that the trial court’s failure to in *229 struct on petit larceny was harmless error because the jury was charged as to attempted robbery, which appellee contends was one step removed from the crime charged. The “one step” test in Abreau, supra, applies to necessarily included offenses as that category is described in Brown v. State, 206 So.2d 377 (Fla.1968), and Florida Rule of Criminal Procedure 3.510. Attempts are a category separate from necessarily included offenses in the foregoing rule as well as in Brown, supra.[1] Sub judice the charge was properly given on the separate offense of attempted robbery, but this did not cure the harmful error in not also charging on the necessarily included offense of larceny.
Accordingly, we reverse and remand for new trial.
REVERSED and REMANDED.
DOWNEY, BERANEK and GLICK-STEIN, JJ., concur.

. We note that the supreme court has tentatively agreed with the recent recommendations made by the Committee on Standard Jury Instructions in Criminal Cases to consolidate the four, categories of lesser included offenses articulated in Brown v. State, 206 So.2d 377 (Fla.1968) into two. The distinction will still be made between offenses necessarily included in the offense charged, which will become category one, and attempts, which will be part of the other category. In the Matter of the Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases and the Standard Jury Instructions in Misdemeanor Cases, Fla. Case Nos. 56,734 and 58,799, Opinion filed April 16, 1981. Vol. 6, No. 17 FLW 305, 306.