NESBITT, Judge.
The defendant was charged by information with: (1) robbery; (2) unlawful possession of a firearm while engaged in the commission of a criminal offense (robbery); (3) obstruction of justice; and (4) petit theft. He was convicted on all counts and sentenced to life imprisonment on the robbery charge, fifteen years for possession of a firearm, and sixty days each as to the two remaining charges. The sentences were to run concurrently.
The defendant’s first point on appeal is that the evidence was insufficient to support his conviction for the obstruction of justice. Specially, Alexander was charged with the violation of Section 21-26(A)(3)(a), Code of Metropolitan Dade County, which provides, in pertinent part:
(3) It shall be unlawful for any person to knowingly obstruct justice. A person obstructs justice when, with intent to prohibit the apprehension or obstruct the prosecution or defense of any person, the person knowingly commits any of the following actions:
(a) Destroys, alters, conceals or disguises physical evidence, plants false evidence, or furnishes false information; or
Pursuant to Section 125.69, Florida Statutes (1979), violation of an ordinance is prosecuted as a misdemeanor.
In the light most favorable to the state, the evidence demonstrates that the defendant entered the victim’s shop and, at gunpoint, took $190 in cash and the victim’s wallet containing his credit cards. The next day, a police officer stopped the defendant to question him about the robbery. At that time, the defendant stated that his name was Anthony Lee Alexander. The officer later discovered that the defendant’s real name was Robert Lee Alexander.
*434 The defendant points to Leland v. State, 386 So.2d 622 (Fla.3d DCA 1980) where we held that the giving of a false name to a police officer, standing alone, does not constitute a violation of Section 843.03, Florida Statutes (1979). The state correctly distinguishes the prosecution under the present statute from that in Leland v. State, supra. Section 843.03, supra, punishes one who disguises himself with intent to obstruct justice. Based on that provision, the court, in Leland, supra, quite properly found that furnishing a false name was not disguising oneself. Under the ordinance relevant here, however, there is no requirement of a disguise. One need only furnish false information to violate the ordinance. Consequently, we find that the evidence adduced at trial clearly supports the defendant’s conviction for the obstruction of justice.
The defendant next argues that he cannot be convicted of petit theft since that crime is a lesser included offense of robbery. We agree with the defendant’s contention that petit theft is a lesser included offense of robbery. See Bruns v. State, 408 So.2d 228 (Fla. 4th DCA 1982); Hammer v. State, 343 So.2d 856, 858 (Fla. 1st DCA 1976), cert. denied, 352 So.2d 175 (Fla.1977). However, in the wake of State v. Hegstrom, 401 So.2d 1343 (Fla.1981) and State v. Monroe, 406 So.2d 1115 (Fla.1981), the conviction of the lesser included offense is proper; but sentencing for the lesser offense is not permitted. Because the defendant has already served his sentence for petit theft, this issue has now become moot.
Finally, on our own initiative, we address the fundamental error[1] which we find in defendant’s sentence for possession of a firearm while engaged in the commission of a criminal offense. In accordance with the recent decisions in Hegstrom, supra, and Monroe, supra, the defendant, having been sentenced for robbery, may not be sentenced for the lesser included offense of possession of a firearm while engaged in a criminal offense. Accordingly, we vacate the defendant’s sentence as -to that count.
As modified, defendant’s conviction and sentences are affirmed.

. See Cunningham v. State, 385 So.2d 721 (Fla. 3d DCA 1980), pet. for review denied, 402 So.2d 613 (Fla.1981); Kohn v. State, 289 So.2d 48 (Fla. 3d DCA 1974); Williams v. State, 280 So.2d 518 (Fla. 3d DCA 1973).