429 So.2d 307 (1983)
STATE of Florida, Petitioner,
v.
Gary BRUNS, Respondent.
No. 61765.
Supreme Court of Florida.
March 24, 1983.
Rehearing Denied April 28, 1983.
*308 Jim Smith, Atty. Gen. and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender and Allen J. DeWeese, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for respondent.
ADKINS, Justice.
The District Court of Appeal, Fourth District, has certified to this Court the following question as being of great public importance:
If a defendant is convicted by overwhelming evidence of a greater offense, and the jury is instructed on an attempt to commit that offense, is the failure to instruct on the next lesser included offense, which carries a penalty less than the attempt, harmless error under State v. Abreau, 363 So.2d 1063 (Fla. 1978)?
Bruns v. State, 408 So.2d 228, 229 (Fla. 4th DCA 1982). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Respondent, Gary Bruns, was charged with and convicted of robbery of property having a value of less than $100. At trial, he requested a jury instruction on petit larceny. The court refused the request, instead instructing the jury on attempted robbery.
On appeal, the fourth district held that the failure to instruct on petit larceny was prejudicial error and reversed the trial court. On rehearing, the district court adhered to its original opinion and certified the question which we now consider. 408 So.2d at 229.
In DeLaine v. State, 262 So.2d 655 (Fla. 1972), the petitioners, who had been convicted of rape, raised as error on appeal the trial judge's refusal to give instructions as to certain lesser included offenses to the crime of rape. We refused to disturb the trial court's decision and held that although it was error to refuse to instruct the jury on the lesser included offense of assault and battery, it was, nevertheless, harmless error. In DeLaine we noted that the jury had been instructed on assault with intent to commit rape, which is "one step" below the offense of rape. The offense of assault and battery is "two steps" removed from the crime of which petitioners were convicted. Since the jury had been given the opportunity to reduce the rape charge one step, but had convicted petitioners of the more serious charge, we found that it was harmless error to fail to give the requested charge on the offense two steps removed.
The DeLaine rationale was reiterated in State v. Abreau, 363 So.2d 1063 (Fla. 1978), *309 where instructions had also been given on the next immediate lesser-included offense but not on an offense two steps removed. Abreau explained why the error was harmless as follows:
[I]f a defendant is charged with offense "A" of which "B" is the next immediate lesser-included offense (one step removed) and "C" is the next below "B" (two steps removed), then when the jury is instructed on "B" yet still convicts the accused of "A" it is logical to assume that the panel would not have found him guilty only of "C" (that is, would have passed over "B"), so that the failure to instruct on "C" is harmless. If, however, the jury only receives instructions on "A" and "C" and returns a conviction on "A", the error cannot be harmless because it is impossible to determine whether the jury, if given the opportunity, would have "pardoned" the defendant to the extent of convicting him on "B" (although it may have been unwilling to make the two-step leap downward to "C").
363 So.2d at 1064.
DeLaine and Abreau establish quite clearly what action constitutes harmless error in this area. We must then decide in the case sub judice whether the trial judge, in giving his instructions on attempted robbery and refusing to instruct on petit larceny, skipped a step within the meaning of the Abreau rule or committed reversible error.
The state bases its argument on the premise that a "step", within the holding of Abreau, is determined by an analysis of the degree of punishment. The state relies on Garrison v. State, 340 So.2d 1171 (Fla. 4th DCA 1976), cert. denied, 348 So.2d 953 (Fla. 1977), and contends that when a jury is given an opportunity to convict a defendant of an attempt which carries a greater penalty than the lesser included offense, the failure to instruct on the lesser included offense is harmless error. In Garrison, the fourth district stated:
[I]f the jury is given the opportunity of convicting the defendant of a lesser included offense which is greater than or at least equal in punishment to the attempt, failure to instruct on attempt may be harmless error.
340 So.2d at 1173 (emphasis supplied). The state's contention is clearly the converse of what the district court stated in Garrison. It does not necessarily or logically follow that the converse of the statement is true. The state's reliance on levels of punishment ignores the discrete categories of jury instructions established in Brown v. State, 206 So.2d 377 (Fla. 1968). The Brown categories operate independently from relative punishments. Under Brown, attempts are placed in a category separate from necessarily included lesser offenses. Instruction is required on lesser included offenses "necessarily included in the major offense charged by the accusatory pleading." Id. at 381 (emphasis in original). Brown requires an instruction on an attempt whenever an attempt is an offense under the law, without reference to the charge. "(I)t is immaterial whether the accusatory pleading specifically charges an attempt." Id. Furthermore, the attempt charge must be given even though, in the judge's opinion, the facts establish guilt of the crime charged rather than the attempt. Id.
It is evident from Brown that the two categories, lesser included offenses and attempts, are not interchangeable as the state argues. It is of interest to point out that the standard jury instructions and criminal rules put into effect after this case arose maintained the separation of necessarily included offenses and attempts. In the Matter of the Use of Standard Jury Instructions, No. 57,734 and 58,799 (Fla. April 16, 1981); In re Florida Rules of Criminal Procedure, 403 So.2d 979 (Fla. 1981).
The application of the Abreau "step" analysis should only be made in cases where both the instruction that was given and the omitted instruction relate to a lesser-included offense. An attempt instruction does not provide a "step" within the meaning of Abreau. Whether the evidence is susceptible of inference by the jury that the defendant is guilty of a lesser offense than that charged is a critical evidentiary *310 matter exclusively within the province of the jury. Lomax v. State, 345 So.2d 719 (Fla. 1977); Hand v. State, 199 So.2d 100 (Fla. 1967). Fundamental trial fairness requires that a defendant being tried for robbery should be permitted to have an instruction on a lesser-included offense upon timely request. 199 So.2d at 102-03. Larceny is necessarily included in the crime of robbery. Brown, 206 So.2d at 383. It is legally impossible to prove robbery without proving larceny, the difference being that robbery has the added element of "force, violence or putting in fear." §§ 812.014 and 812.13, Fla. Stat. (1981). The district court correctly stated:
Here, there was neither charge nor evidence of property having a value of $100 or more. Consequently, petit larceny was the next immediate lesser included offense and the trial court committed reversible error when it failed to instruct on said crime.
408 So.2d 228, 228.
The basis of this Court's holding in Abreau was the desire to preserve the jury's "pardon" power. 363 So.2d at 1064. In the case sub judice the lack of opportunity for the jury to consider both attempt and larceny along with robbery was crucial. The jury might have returned the robbery verdict simply because they believed that a larceny was consummated but robbery was a closer choice than attempted robbery or not guilty. In effect, the jury was not able to exercise its inherent "pardon" power by returning a verdict of guilty as to the next lower crime.
Accordingly, we respond to the certified question in the negative and approve the opinion and decision of the district court of appeal.
The cause is remanded with instructions to further remand same for a new trial.
It is so ordered.
BOYD, OVERTON and McDONALD, JJ., concur.
ALDERMAN, C.J., concurs in result only.