CAMPBELL, Judge.
Appellant appeals his conviction and sentence for aggravated battery with a firearm. We affirm.
Appellant raises two points on appeal. His first point challenges the trial court’s denial of his motion to suppress his confession. After a review of the record, we find no grounds to support a reversal of the trial court’s denial of the motion to suppress.
Appellant argues in his second point that the trial court erred in failing to instruct the jury on a lesser included charge of battery. We do not agree that the trial judge so erred. Appellant was charged and tried for the offense of attempted first degree murder. The court instructed the jury on attempted first degree murder, attempted second degree murder, attempted manslaughter and aggravated battery. The court refused the requested instruction on battery. The jury found appellant guilty of aggravated battery with a firearm. For the purpose of this opinion, and based on the facts of this case, it is conceded that battery is a lesser included offense of attempted first degree murder as charged in the information and as proven at trial.
Appellant recognizes that while State v. Abreau, 363 So.2d 1063 (Fla.1978) holds that failure to instruct on a lesser included offense two steps removed from the offense for which a defendant is convicted is harmless error, Abreau does not apply where the only intervening offense upon which the court instructs is an attempt. State v. Bruns, 429 So.2d 307 (Fla.1983). In the instant case, since the only intervening offense for which the court gave an instruction between the offense for which he was convicted, aggravated battery, and the offense for which he requested a charge, battery, was attempted manslaughter, appellant argues that under the holding of Bruns, the failure to charge battery cannot be considered harmless error.
Aggravated battery is a felony of the second degree, attempted manslaughter is a felony of the third degree, and battery is a misdemeanor of the first degree. While Bruns holds that “[A]n attempt instruction does not provide a ‘step’ within the meaning of Abreau,” we do not consider the *39 holding in Bruns to apply where the primarily charged offense is itself an attempt. Here, the information under which appellant was tried, charged him with attempted first degree murder. Therefore, the next logical progression of the Abreau lesser included “steps” would include attempted second degree murder, attempted manslaughter and aggravated battery.
Battery, therefore, would be two steps removed from aggravated battery, a second degree felony of which appellant was convicted, since attempted manslaughter, a third degree felony, is an intervening offense one step removed below aggravated battery. The failure to instruct on battery was, therefore, harmless error.
Affirmed.
SCHEB, A.C.J., and DANAHY, J., concur.