BLUE, Judge.
Andrew L. Prater contends the trial court erred by failing to submit to the jury a verdict form for simple burglary, the next lesser included offense of burglary of a dwelling for which he was charged and convicted under section 810.02, Florida Statutes (1989). We agree and reverse.
In this case, the trial court’s written and oral instructions to the jury properly included the charged offense of burglary of a dwelling as well as the lesser included offense of simple burglary. In re: Std. Jury Instr. In Crim. Cases, 543 So.2d 1205, 1233 (Fla.1989). The verdict form, however, included only the choices guilty of burglary of a dwelling or not guilty. A verdict form, such as the one in this case, that is not in conformance with the jury instructions is defective. Wilson v. State, 566 So.2d 36 (Fla. 4th DCA 1990).
The lesser included offense of simple burglary that was omitted from the verdict form was only “one step” removed from the primary offense of burglary of a dwelling. The trial court’s omission of the lesser offense precluded the jury from exercising its inherent pardon power if it conclud *560 ed the evidence warranted only a conviction of simple burglary. State v. Abreau, 363 So.2d 1063, 1064 (Fla. 4th DCA 1978). This omission is error and is per se reversible. Fernandez v. State, 570 So.2d 1008, 1110 (Fla. 2d DCA 1990) rev. denied, 581 So.2d 167 (Fla.1991). Accordingly, we reverse the judgment and sentence for count I of case number 90-2873F and remand for a new trial on that count.
RYDER, A.C.J., and CAMPBELL, J., concur.