BROWNING, C.J.
The State charged Dante Wright (Appellant) with one count of burglary of an occupied structure or conveyance, a violation of section 810.02(3), Florida Statutes (2005); and one count of grand theft auto, a violation of section 812.014(2)(c)6., Florida Statutes (2005). The charges arose from an incident on the night of June 4, 2006, or early in the morning of June 5, 2006, in which three men were observed driving three different stolen BMW automobiles out of a Jacksonville automobile dealership’s fenced parking lot. Approximately three hours after the theft was reported, Appellant was observed driving one of the stolen BMWs and was apprehended by the police. A jury found Appellant not guilty as to the first count and guilty of grand theft auto, as charged in Count Two. The trial court adjudicated Appellant guilty in accordance with the verdict and sentenced him to three years’ incarceration. The sole issue on appeal is whether the trial court abused its discretion by denying a requested jury instruction on trespass in a conveyance as a lesser included offense of grand theft auto. Because Count Two of the charging document did not allege the “willful entry or remaining in” element of trespass, Appellant was not entitled to the requested instruction, and the trial court did not abuse its discretion in refusing to give it. See Jones v. State, 666 So.2d 960 (Fla. 3d DCA 1996); Sanchez v. State, 664 So.2d 331 (Fla. 3d DCA 1995).
The trespass statute states in pertinent part:
810.08 Trespass in structure or conveyance.—
*8 (1) Whoever, without being authorized, licensed, or invited, willfully enters or remains in any structure or conveyance, or, having been authorized, licensed, or invited, is warned by the owner or lessee of the premises, or by a person authorized by the owner or lessee, to depart and refuses to do so, commits the offense of trespass in a structure or conveyance.
§ 810.08, Fla. Stat. (2005). The second count of the amended information charged the following offense:

COUNT 2

DANTE ARMETRIUS WRIGHT on or between January 4, 2006 and January 5, 2006, in the County of Duval and the State of Florida, did knowingly obtain or use or endeavor to obtain or use a motor vehicle, the property of Michael Kenny [sic] with intent to either temporarily or permanently deprive Michael Kenney, of a right to the property or benefit therefrom, or with the intent to appropriate the property to his own use or the use of any person not entitled thereto, contrary to the provisions of Section 812.014(2)(c)6, Florida Statutes.
“Theft” is defined as follows:
812.014 Theft.—
[[Image here]]
(1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit from the property.
(b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property. § 812.014(1), Fla. Stat. (2005). The section of this statute cited in Count Two of the amended information states:
(2)(c) It is grand theft of the third degree and a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, if the property stolen is:
⅝ * *
6. A motor vehicle, except as provided in paragraph (2)(a).
§ 812.014(2)(c)6., Fla. Stat. (2005).
“Lesser included offenses fall into two categories: necessary and permissive. Necessarily lesser included offenses are those offenses in which the statutory elements of the lesser included offense are always subsumed within those of the charged offense. State v. Paul, 934 So.2d 1167, 1176 (Fla.2006).” Sanders v. State, 944 So.2d 203, 206 (Fla.2006). Necessarily lesser included offenses are designated Category 1 offenses, whereas permissive lesser included offenses are designated Category 2 offenses. See In re the Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 596 (Fla.1981); I.T. v. State, 694 So.2d 720, 723 n. 7 (Fla.1997); State v. Weller, 590 So.2d 923, 925 (Fla.1991). “A permissive lesser included offense differs in that it cannot be determined to fall within Category 2 unless both the statutory elements and the facts alleged in the accusatory pleading are consulted.” Id. n. 2.
The misdemeanor of trespass in a conveyance may be a Category 2 permissive lesser included offense within the charged offense of grand theft auto. See L.F. v. State, 694 So.2d 840 (Fla. 2d DCA 1997); I.T., 694 So.2d at 721 (“[Trespass to a conveyance is not a necessarily lesser included offense of grand theft-”). “[T]o qualify, however, as a proper [Category 2 permissive lesser included offense, *9 the indictment or information must allege all the statutory elements of the subject lesser offense, and the evidence at trial must establish each of these elements.” Jones, 666 So.2d at 963; L.F., 694 So.2d at 840.
[I]t is clear that there are three essential elements to the felony of grand theft of a motor vehicle: (1) the knowing and unlawful obtaining or use, or the knowing and unlawful endeavor to obtain or use, (2) the motor vehicle of another, (3) with intent to either temporarily or permanently (a) deprive the owner or lawful possessor of the motor vehicle of a right to the vehicle or a benefit from it, or (b) appropriate the motor vehicle to the accused’s own use or to the use of any person not entitled to it.
Jones, 666 So.2d at 964. Trespass in a conveyance comprises three statutory elements:
(1) the willful entry or remaining, (2) in a conveyance [motor vehicle] of another, (3)(a) without being authorized, licensed or invited to enter or remain in the conveyance by the owner or lessee or a person authorized by the owner or lessee of the conveyance, or (b) after having been so authorized, licensed or invited to enter or remain in the conveyance, refusing to comply with a warning by the owner, lessee or a person authorized by the owner or lessee to depart the conveyance.
Id.; see § 810.011(3), Fla. Stat. (2005) (defining “conveyance” as including “any motor vehicle”). In Jones, 666 So.2d at 964, the Third District Court noted that the second and third elements of trespass in a conveyance “are subsumed in the elements of grand theft of a motor vehicle.” However, the first element of trespass in a conveyance, the “willful entry or remaining” in the motor vehicle element, is not subsumed in grand theft auto. Grand theft of a motor vehicle requires the accused to obtain or use (or endeavor to obtain or use) the motor vehicle “but does not require an actual entry or remaining in the vehicle.” Id. & n. 2.
It is well settled that a properly requested jury charge on a[C]ategory 2 permissive lesser included offense must be given if two requirements are met: (1) the indictment or information must allege all the statutory elements of the permissive lesser included offense, and (2) there must be some evidence adduced at trial establishing all of these elements.
Id. at 964; see Welsh v. State, 850 So.2d 467, 468 n. 2 (Fla.2003).
A review of the amended information demonstrates that the State did not allege in Count Two all the statutory elements of trespass in a conveyance. Specifically, the State did not allege that Appellant willfully entered or remained in the complainant’s motor vehicle, an essential element of trespass of a conveyance. Instead, the accusatory pleading tracked the “obtain or use” language of the statute proscribing grand theft auto. Even if the evidence presented by the State established all the statutory elements of trespass in a conveyance, “this alone was insufficient to require a jury charge on trespass in a conveyance as a[C]ategory 2 permissive lesser included offense.” Id. at 966-67. Therefore, the trial court correctly denied Appellant’s request for an instruction on trespass in a conveyance. The evidence adduced by the State supported the verdict of guilty of grand theft auto. Accordingly, we AFFIRM the judgment and sentence as to Count Two.
POLSTON and HAWKES, JJ., concur.