55 So.3d 646 (2011)
William Glen McKIVER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D10-128.
District Court of Appeal of Florida, First District.
February 11, 2011.
*647 Nancy A. Daniels, Public Defender, and Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
Pamela Jo Bondi, Attorney General, and Samuel A. Perrone, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant, William Glen McKiver, appeals a judgment and sentence for burglary of a dwelling, arguing that the trial court reversibly erred by not instructing the jury on the permissive lesser-included offense of trespass. For the reasons set forth below, we agree and reverse.
Mr. McKiver was charged and convicted of burglary of a dwelling. Specifically, count I of the Second Amended Information alleged that on January 2, 2009, Mr. McKiver
did unlawfully enter or remain in a structure, to wit: a dwelling, the property of Rhonda Carmichael, with the intent to commit an offense therein, contrary to Section 810.02(3)(b), Florida Statutes.
At trial, Rhonda Carmichael testified that on January 2, 2009, her house was broken into. A red high school letterman jacket and some coins from a change bucket were among the items she reported missing. Ms. Carmichael's neighbor, Mrs. Jordan, testified that she witnessed a gold car pull up outside Ms. Carmichael's house, and she observed Mr. McKiver and Le'Troy Doles exit the vehicle and approach the house. She testified that Mr. McKiver entered the picket fence surrounding the house, but she lost sight of him after he entered the fence, and while Mr. Doles initially remained outside the fence, he eventually entered. Mrs. Jordan's husband testified that he used a pair of binoculars to read the license plate number *648 of the gold car. Mrs. Jordan relayed her observations as well as the license plate number to a 911 operator. Mrs. Jordan testified that she saw the two men leave the fenced area and return to the car: Mr. Doles was carrying a piece of red material that was bunched up, but she could not see whether Mr. McKiver was carrying something.
The gold car in which Mr. McKiver and Mr. Doles left the victim's house was pulled over by the Nassau County Sheriff's Office within a matter of minutes after leaving. Mr. McKiver's fingerprints were found on the front screen door of the victim's house. Ms. Carmichael testified that she did not know either Mr. McKiver or Mr. Doles, nor had she ever invited either of them into her home.
Mr. Doles testified that Mr. McKiver was driving the gold car on the day of the robbery, and Mr. McKiver told him he was stopping the car to use the restroom, but instead he entered Ms. Carmichael's fence and kicked in her front door. After Mr. McKiver kicked in the door, he told Mr. Doles: "It's already happened, you might as well take something." Mr. Doles remembered Mr. McKiver taking a red and white letterman's jacket.
During the charge conference, defense counsel requested an instruction on trespass, asserting that it was a category two, lesser-included offense. The prosecution objected because it was not a mandatory instruction. The prosecution also argued that the evidence "showed that he did intend to take something and did, in fact, take property from the victim's house that day," and that the "witness' testimony does not sustain a criminal mischief or a trespass charge." The court denied the requested instruction on trespass. In addition, after the jury retired to begin deliberations, defense counsel sought to obtain an instruction on simple burglary, a necessary lesser-included offense. The trial court also denied this request, noting that defense counsel had approved the jury instructions at the charge conference.
Accordingly, the jury was given a verdict form containing no lesser-included offenses. On the verdict form the jury had only two optionseither find Mr. McKiver guilty of burglary of a dwelling as charged, or find him not guilty. The jury found Mr. McKiver guilty of burglary of a dwelling as charged.
Because the information alleged the elements of trespass, and there was some evidence adduced at trial to satisfy those elements, the trial court erred by not instructing the jury on trespass. Further, considering the evidence produced at trial and because the jury was not instructed on any lesser-included offense, we cannot conclude that this error was harmless.
In 1981, the supreme court established a two-category framework for trial courts to apply when determining whether a jury instruction on a lesser-included offense should be given. In the Matter of Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla.1981). "The first category, which incorporated some lesser degrees of offenses, contains offenses necessarily included in the offenses charged. The second category, which now incorporates all attempts and the remaining lesser degrees of offenses, encompasses offenses which may or may not be included in the offense charged, depending on the accusatory pleadings and evidence." State v. Wimberly, 498 So.2d 929, 930 (Fla.1986). Necessary lesser-included offenses are designated as category one offenses, whereas permissive lesser-included offenses are designated as category two offenses. Wright v. State, 983 So.2d 6, 8 (Fla. 1st DCA 2007).
*649 The trial court must instruct the jury on category one (necessary lesser-included) offenses. State v. Montgomery, 39 So.3d 252, 259 (Fla.2010); see also Wimberly, 498 So.2d 929, 932 (Fla.1986). In contrast, a trial court may or may not be required to give jury instructions on permissive (category two) offenses. See Wimberly, 498 So.2d at 930-31. "Upon request, a trial judge must give a jury instruction on a permissive lesser included offense if the following two conditions are met: `(1) the indictment or information must allege all the statutory elements of the permissive lesser included offense; and (2) there must be some evidence adduced at trial establishing all of these elements.'" Khianthalat v. State, 974 So.2d 359, 361 (Fla.2008) (quoting Jones v. State, 666 So.2d 960, 964 (Fla. 3d DCA 1996)); see also Williams v. State, 957 So.2d 595, 599 (Fla.2007); Clark v. State, 43 So.3d 814, 815 (Fla. 1st DCA 2010).
The requested instruction at issue here, trespass, is a category two, permissive lesser-included offense of burglary of a dwelling. In re Standard Jury Instructions in Criminal Cases-Report No. 2007-11, 986 So.2d 563 (Fla.2008); see also Bordes v. State, 34 So.3d 215, 217 (Fla. 4th DCA 2010); Piccioni v. State, 833 So.2d 247, 248 (Fla. 4th DCA 2002). Therefore, the trial court was required to instruct the jury on trespass if the information alleged all of the statutory elements of trespass, and there was some evidence adduced at trial to establish those elements. See Clark v. State, 43 So.3d 814, 815 (Fla. 1st DCA 2010).
Both conditions are satisfied here. The elements of trespass are (1) the willful entry or remaining, (2) in a structure or conveyance of another, (3) without being authorized, licensed or invited to enter. § 810.08, Fla. Stat. (2008); see also Wright v. State, 983 So.2d 6, 9 (Fla. 1st DCA 2007). The information in this case alleged Mr. McKiver committed the offense of burglary of a dwelling by "unlawfully enter[ing] or remain[ing] in a structure, to wit: a dwelling, the property of Rhonda Carmichael, with the intent to commit an offense therein." Thus, the elements of trespass were adequately established in the information. See Henig v. State, 820 So.2d 1037, 1038-39 (Fla. 4th DCA 2002); Hannah v. State, 42 So.3d 951, 953 (Fla. 4th DCA 2010). Further, the evidence adduced at trial established the elements of the trespass offense. Mr. Doles testified that Mr. McKiver entered Ms. Carmichael's house, and Ms. Carmichael testified that she did not know Mr. McKiver nor had she given him permission to enter her home. Because trespass is a permissive lesser-included offense, and the information alleged the elements of trespass and there was some evidence supporting those elements, the court erred in denying the requested instruction. It makes no difference that the evidence at trial also established the charged offense of burglary of a dwelling. See Clark, 43 So.3d at 817.
Having concluded that it was error for the trial court to not give the instruction on trespass, we now must determine whether the error is per se reversible or rather subject to harmless error analysis. State v. Abreau, 363 So.2d 1063 (Fla.1978), and its progeny establish a bright-line test for a reviewing court to apply when considering errors in omitted jury instructions. Where the jury instruction relates to the next immediate lesser-included offense (one step removed), the trial court's failure to provide the instruction is per se reversible. Sanders v. State, 946 So.2d 953, 957 (Fla.2006); Boland v. State, 893 So.2d 683, 686 (Fla. 2d DCA 2005). However, "[w]here the omitted instruction relates to an offense two or more steps removed . . . reviewing courts may properly find such error to be harmless." Abreau, 363 So.2d at 1064 (emphasis added); *650 accord, Pena v. State, 901 So.2d 781, 787 (Fla.2005).
With respect to the offense of burglary of a dwelling, simple burglary is a necessary lesser-included offense and is one step removed, while the offense of trespass is a permissive lesser-included offense and is two steps removed. In re Standard Jury Instructions in Criminal Cases-Report No. 2007-11, 986 So.2d 563 (Fla.2008); Bethea v. State, 767 So.2d 630, 630-31 (Fla. 5th DCA 2000) (noting that burglary of a structure is a necessary lesser-included offense of burglary of a dwelling); Prater v. State, 608 So.2d 559, 559 (Fla. 2d DCA 1992) (noting that simple burglary is "only `one step' removed from the primary offense of burglary of a dwelling"). Accordingly, failure to instruct the jury on trespass is not per se reversible under Abreau and its progeny. See Sanders v. State, 946 So.2d 953, 957 (Fla.2006). Rather, the error is subject to the harmless error analysis.
When engaging in a harmless error analysis, "`[i]f the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.'" Ventura v. State, 29 So.3d 1086, 1090 (Fla.2010) (quoting State v. DiGuilio, 491 So.2d at 1136, 1139 (Fla.1986)). The appellate court should not substitute itself for the jury and weigh the evidence; the harmless error test is not an "`overwhelming evidence test.'" Id. at 1089 (emphasis omitted) (quoting DiGuilio, 491 So.2d at 1139). Instead, "`[t]he focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict.'" Id. at 1089 (emphasis omitted) (quoting DiGuilio, 491 So.2d at 1139).
Applying the harmless error test to this case, we cannot conclude that the error was harmless. Under the facts of this case, which include the evidence presented at trial to prove the elements of the offense of which Mr. McKiver was convicted and the fact that the jury was not instructed on the necessary lesser-included offense of simple burglary, we cannot say beyond a reasonable doubt that the error in not instructing the jury on trespass did not affect the verdict. Accordingly, we reverse Mr. McKiver's judgment and sentence, and remand for a new trial.
ROWE and MARSTILLER, JJ., concur.
WEBSTER, J., Concurs in result with Opinion.
WEBSTER, J., concurring in the result.
By refusing appellant's request for an instruction on the lesser-included offense of trespass, the trial court completely deprived the jury of the opportunity to consider "exercis[ing] its inherent `pardon' power." State v. Bruns, 429 So.2d 307, 310 (Fla.1983). This was error. Id. On the facts of this case, I am unable to conclude to the exclusion of all reasonable doubt that "th[is] error did not affect the verdict." State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986). Accordingly, I agree that we must reverse and remand for a new trial.