ROTHENBERG, J.
The defendant, Gean Daniel, appeals his convictions for armed burglary of a dwelling and grand theft. Although the defendant raises two issues on appeal, only one merits discussion.[1] The defendant contends the trial court erred in failing to instruct the jury on trespass, a permissive lesser-included offense of armed burglary of a dwelling, and that the error constitutes per se reversible error. Although the State confesses error as to this point and agrees that the defendant is entitled to a new trial, we reject the State’s confession of reversible error and affirm because the error was harmless beyond a reasonable doubt.

THE CHARGES

The defendant was charged with and convicted of armed burglary of a dwelling and grand theft. The information alleges the following:
Count 1
GEAN DANIEL, on or about April 09, 2010, in the County and State aforesaid, did unlawfully enter or remain in a structure, to wit: a dwelling located at [the address of the victim’s dwelling], Miami-Dade County, Florida, the property of [the victim], without the consent of [the victim] as owner or custodian, the same being unoccupied the defendant having an intent to commit an offense therein, to wit: THEFT, and during the commission of the offense, said defendant possessed a firearm or destructive device, in violation of s. 810.02(2)(b) and s. 775.087, Fla. Stat., contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.
Count 2
And the aforesaid Assistant State Attorney, under oath, further information makes GEAN DANIEL, on or about April 09, 2010, in the County and State aforesaid, did unlawfully and knowingly obtain or use, or endeavor to obtain or use, GUN and/or ELECTRONICS valued at three hundred dollars ($800.00) or more, but less than five thousand dollars ($5,000.00) the property of [the victim], as owner or custodian, with the intent to either temporarily or permanently deprive said owner or custodian of a right to the property or a benefit therefrom, or appropriate the property to said defendant’s own use or to the use of a person not entitled thereto, in violation of s. 812.014(2)(c), Fla. Stat., contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.

FAILURE TO GIVE A TRESPASS INSTRUCTION

The defendant claims that the trial court’s failure to instruct the jury on trespass, a permissive lesser-included offense of burglary, as requested by defense counsel, constitutes reversible error. Lesser-included offenses fall within two categories: (1) category one necessary lesser-included offenses; and (2) category two permissive lesser-included offenses. See State v. Wimberly, 498 So.2d 929, 930 (Fla.1986); Wright v. State, 983 So.2d 6, 8 (Fla. 1st DCA 2007). Whereas the trial court must instruct the jury on category one necessary lesser-included offenses, see State v. Montgomery, 39 So.3d 252, 259 *1184 (Fla.2010), the trial court is only required to instruct the jury on a category two permissive lesser-included offense if: (1) the charging document alleges all of the statutory elements of the permissive lesser-included offense; and (2) there is some evidence adduced at trial which establishes all of these elements. Khianthalat v. State, 974 So.2d 359, 361 (Fla.2008).
It is undisputed that the information charging the defendant with armed burglary of a dwelling in the instant case contains all of the necessary elements of trespass and that there was evidence introduced at trial to support both the charged offense and the lesser-included offense of trespass. Thus, we agree with the defense and the State that the trial court erred by failing to instruct the jury on the requested lesser-included offense of trespass. See Bordes v. State, 34 So.3d 215, 217 (Fla. 4th DCA 2010) (finding error when the trial court failed to instruct the jury on trespass as a lesser-included offense of burglary of a dwelling). However, we disagree that the error constitutes per se reversible error.
Unlike the failure to instruct the jury on a category one necessary lesser-included offense, which constitutes per se reversible error requiring a new trial, the failure to instruct the jury on a category two permissive lesser-included offense is subject to a harmless error analysis if it is at least two steps removed from the charged offense. In State v. Abreau, 363 So.2d 1063, 1064 (Fla.1978), the Florida Supreme Court held:
Thus, to the extent that the broad language employed in Lomax[2] intimates that the harmless error doctrine cannot be invoked whenever there has been a failure to instruct on any lesser-included offense, it is disapproved. Only the failure to instruct on the next immediate lesser-included offense (one step removed) constitutes error that is per se reversible. Where the omitted instruction relates to an offense two or more steps removed, DeLaine [3] continues to have vitality, and reviewing courts may properly find such error to be harmless.
Thus, the analysis this Court must perform in this case on appeal is whether the failure to instruct the jury on the category two permissive lesser-included offense of trespass was harmless error. The answer to that question is first dependent on whether trespass is one step removed or more than one step removed from the offense charged and found by the jury. Abreau, 363 So.2d at 1064; see also Pena v. State, 901 So.2d 781, 787 (Fla.2005) (“[Wjhen the trial court fails to properly instruct on a crime two or more degrees removed from the crime for which the defendant is convicted, the error is not per se reversible, but instead is subject to a harmless error analysis.”).
In Pena, the Florida Supreme Court explained the reasoning of this “two-steps-removed” requirement.
[T]he significance of the two-steps-removed requirement is more than merely a matter of number of degree. A jury must be given a faff opportunity to exercise its inherent “pardon” power by returning a verdict of guilty as to the next lower crime. If the jury is not properly instructed on the next lower crime, then it is impossible to determine whether, having been properly instructed, it would have found the defendant guilty of the next lesser offense.
Id. at 787.
In the instant case, the jury found the defendant guilty of armed burglary of *1185 a dwelling, a first degree felony punishable by life imprisonment. The jury was also instructed on and provided with the option of finding that the defendant committed the following lesser-included offenses of an armed burglary of a dwelling: (1) unarmed burglary of a dwelling; (2) burglary of a structure; or (3) trespass.
An unarmed burglary of a dwelling is a lesser-included offense of armed burglary of a dwelling and is a second-degree felony. See Reddick v. State, 394 So.2d 417, 417-18 (Fla.1981) (noting that robbery with a weapon is a lesser-included offense of robbery with a deadly weapon). The jury was also instructed on and given the option of finding the defendant guilty of burglary to a structure, a third-degree felony and a lesser-included offense of armed burglary of a dwelling. Burglary to a structure is a lesser-included offense that is two degrees removed from the offense of armed burglary of a dwelling. Trespass, a misdemeanor, is at least three degrees removed from armed burglary of a dwelling. Because the trial court instructed the jury on at least one lesser-included offense that the jury rejected, and trespass is even further removed than the lesser-included offenses for which the trial court gave instructions and the jury rejected, the failure to instruct the jury on trespass is subject to a harmless error analysis.[4] See McKiver v. State, 55 So.3d 646, 650 (Fla. 1st DCA 2011) (holding that simple burglary is a necessary lesser-included offense of burglary of a dwelling that is one step removed, whereas trespass is a permissive lesser-included offense of burglary of a dwelling that is two steps removed).
In applying the harmless error analysis in this case, we find that the failure to instruct the jury on trespass, a three-steps-removed permissive lesser-included offense of armed burglary of a dwelling, is harmless beyond a reasonable doubt. First, the crime of burglary differs from the crime of trespass in that the crime of trespass requires only the unlawful entry by the defendant (in this case, a structure), whereas the crime of burglary requires the unlawful entry or remaining in the structure and the additional element of the defendant’s intent to commit a crime therein. Compare § 810.02, Fla. Stat. (2010), with § 810.08, Fla. Stat. (2010). Here, the State charged the defendant with entering or remaining in the victim’s dwelling while in possession of a firearm and with the intent to commit a theft therein. The State also charged the defendant with committing the offense of grand theft by taking the victim’s property, which was valued at $300 or more.
The evidence at trial established that the defendant broke into the victim’s home and took electronics and a firearm. Although the jury was given the option of finding the defendant guilty of the lesser-included offenses of armed burglary of a dwelling and/or a lesser-included offense of grand theft, or finding him not guilty of either offense, they returned a verdict of guilt as to the highest offenses charged. Importantly, the difference between burglary and trespass is the intent to commit a crime during the commission of the unlawful entry into the structure.
Because the jury found that the defendant actually committed the offense of grand theft, they also necessarily found that he committed a burglary, not a trespass. Further, the jury clearly did not exercise its jury pardon power because it *1186 found the defendant guilty of armed burglary of a dwelling rather than guilty of the lesser-included offenses of burglary of a dwelling or burglary of a structure, and grand theft in the third degree rather than either first-degree or second-degree petit theft, which they were given the option to do. We therefore find that the failure to instruct the jury on the permissive, lesser-included, three-steps-removed offense of trespass in this case was harmless beyond a reasonable doubt.
Affirmed.

. The defendant also claims he is entitled to a new trial based on a comment made by the State in closing arguments. We find that the comment, if error, was harmless beyond a reasonable doubt and decline to specifically address it.

. Lomax v. State, 345 So.2d 719 (Fla. 1977).

. DeLaine v. State, 262 So.2d 655 (Fla. 1972).

. Arguably simple trespass is even more than three steps removed from armed burglary of a dwelling, but we need not determine how many steps removed it is above and beyond the requisite two steps removed required to perform a harmless error analysis because it is clearly greater than one step removed from armed burglary of a dwelling.